FINKLER v. ZIMMER.

1. NEGLIGENCE—NO DEGREES OF NEGLIGENCE.
    In Michigan there are no degrees of negligence, and no different kinds of negligence.

2. SAME—GROSS NEGLIGENCE.
    Gross negligence does not mean great, bad, or much negligence; and while it has been used to designate subsequent negligence, discovered negligence, antecedent negligence, etc., better designation would be last clear chance.

3. SAME—WILFULNESS OR WANTONNESS NOT NEGLIGENCE.
    Wilfulness, wantonness, or recklessness transcends negligence—is different in kind, and against such charge contributory negligence is no defense.

As to what constitutes gross negligence or the like within statute limiting liability of owner or operator of automobile for injury to guest, see annotation in 74 A. L. R. 1198.

4. MOTOR VEHICLES—GUEST PASSENGER ACT—NEGLIGENCE—WILFULNESS OR WANTONNESS.

To be liable under guest passenger act (1 Comp. Laws 1929, § 4648), defendant must be guilty of wilfulness and wantonness; negligence being insufficient.

5. SAME.

Automobile driver approaching intersection, who assumed that his superior right of way was being recognized because car on intersecting highway slowed down, resulting in collision and injury to guest passenger in his car, was not, as matter of law, guilty of wilfulness or wantonness, and therefore he is not liable under guest passenger act (1 Comp. Laws 1929, § 4648).

NORTH, FEAD, and BUTZEL, JJ., concurring in result.

Appeal from Kent; Perkins (Willis B.), J. Submitted January 14, 1932. (Docket No. 142, Calendar No. 36,244.) Decided April 4, 1932.

Case by Fred Finkler, administrator of the estate of Robert Finkler, deceased, against Nicholas Zimmer for personal injuries resulting in death of plaintiff's decedent, received while a guest passenger in defendant's car. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Linsey, Shivel & Phelps,* for plaintiff.

*Dunham, Taylor & Allaben,* for defendant.

CLARK, C. J. Plaintiff's decedent died of injuries suffered in a collision of automobiles at an intersection of highways. The suit is against the driver and owner of the automobile in which decedent rode as gratuitous guest. At the conclusion of plaintiff's case, verdict was directed for defendant on the ground that the evidence showed no gross negligence or wilful and wanton misconduct, and, therefore, there could be no recovery because of 1 Comp. Laws

1929, § 4648 (amendment by Act No. 19, Pub. Acts 1929), known as guest statute. From judgment on verdict, plaintiff has appealed.

The accident was in the daytime. There was no important obstruction to view of either driver. Defendant drove his car northerly on a paved State trunk line highway. Johnson, aged 77 years, drove a car easterly on an intersecting gravel road. There was a stop sign on such road near 150 feet from the intersection. Johnson testified that he did not stop, but slowed almost to a stop, then started, with change of gears, to cross the pavement. Defendant slowed to near 45 miles per hour nearing the inter-section, and, from testimony of his admissions or declarations adduced by plaintiff, he had in mind that he had the right of way, and, observing Johnson's car, and assuming he would stop, continued into the intersection without further reduction of speed.

In *Boyle* v. *Moseley, post,* 347, Mr. Justice NORTH said correctly:

"The terms gross negligence and wilful and wanton misconduct have no different meaning than that ascribed to them prior to the enactment of the above-cited statute."

And he cited *Gibbard* v. *Cursan,* 225 Mich. 311, in that regard. If this interpretation of the statute be not adhered to, if ground be given to the repeated attacks by guest plaintiffs upon the statute, the salutary purpose of the legislature in enacting it (*Naudzius* v. *Lahr,* 253 Mich. 216 [74 A. L. R. 1189, 30 N. C. C. A. 179]) will be thwarted and further confusion and difficulty introduced into the law of negligence.

It may be that, under the statute, recovery against an owner or driver of a car may not be by or on behalf of a gratuitous guest for so-called gross negli-

gence, as a case showing in fact antecedent negligence of the guest as the remote cause of an injury and subsequent negligence of the owner or driver as the proximate cause may never arise. But beyond that, the statute is also aimed definitely at something more than ordinary negligence so-called, viz., wilfulness or wantonness, as defined in *Gibbard* v. *Cursan, supra,* and cases there cited, and, "facts lifting the owner's faults above ordinary negligence must be set out." *Naudzius* v. *Lahr, supra,* 229.

Most of the trial difficulties under this statute are due to failure to note that there are no *degrees* of negligence and no different *kinds* of negligence. Negligence is negligence, that's all.

Gross negligence does not mean great, bad, or much negligence. *Lett* v. *Summerfield & Hecht,* 239 Mich. 699; *Fike* v. *Railroad Co.,* 174 Mich. 167.

An interesting article, "The Last Clear Chance Doctrine in Michigan," by Charles C. Hamill, "directed by Professor H. F. Goodrich of the Law Faculty of the University of Michigan," appears in 7 Michigan State Bar Journal, p. 270. Speaking of conflicting language and misleading definitions found in the cases, it is well said (p. 272):

"An expression much used in Michigan is 'gross negligence.' It arose out of an early confusion of the doctrine of last clear chance with comparative negligence. Although it has been repeatedly declared that the doctrine of comparative negligence does not obtain in this State, and that 'gross negligence' in this connection simply means last clear chance doctrine, the misconception has had a tendency to persist. Even in recent decisions it has been found necessary to correct the erroneous impression that 'gross' is used in the cases in a comparative sense. The use of such a misleading term is to be deplored as increasing the perplexities of a sufficiently involved subject."

And we quote further (p. 294) :

"The customary definition of 'gross negligence' aptly illustrates. the point. 'It means the intentional failure to perform a manifest duty, in reckless disregard of the consequences, as affecting the life or property of another. It also implies a thoughtless disregard of consequences, without the exertion of any effort to avoid them.' It is not unlikely that the jury, thus instructed, found the defendant's *great* negligence to be *gross* negligence, two quite different types of misconduct. Obviously, the considerations which should be submitted to the jury where recovery is sought on the theory that the defendant's fault is 'wanton' are not at all the same as those which govern recovery where it is contended that the defendant's negligence is the proximate cause of the injury."

Gross negligence, subsequent negligence, antecedent negligence, discovered negligence, discovered peril, last clear chance, intervening negligence, supervening negligence, humanitarian rule, are the same thing. *Golob* v. *Railway,* 228 Mich. 201; *Gibbard* v. *Cursan, supra.* The number and variety of such designations, two at least inaccurate, another misleading, some not generally accepted, are deplorable. If, by common consent of bench and bar, this rule, now so variously named, might be known hereafter as last clear chance, the most popular designation, many difficulties of the student, of the practitioner, and of the judge, would be removed ultimately.

If a plaintiff's negligence contributes to cause an injury, recovery is precluded. But where plaintiff's negligence is antecedent, and defendant's negligence is subsequent, it is proper to excuse plaintiff's negligence as remote, and to hold defendant's subsequently intervening negligence as proximate, in

other words, to invoke the doctrine of last clear chance, and it will be noted that under this rule the defendant is guilty of negligence—nothing else, and nothing more.

If a defendant be guilty of more than negligence, we pass to wilfulness or wantonness, and find ourselves entirely out of the field of negligence, for wilfulness—wantonness—recklessness "transcends negligence—is different in kind" (*Gibbard* v. *Cursan, supra*), is "above ordinary negligence" (*Naudzius* v. *Lahr, supra*).

To a charge of wilfulness or wantonness, contributory negligence is, of course, no defense, for we are no longer in the field of negligence.

The common use of such terms as "intentional negligence" and "wilful negligence" is as unfortunate as it is illogical. It is like saying "white lamp black." If it is white, it is not lamp black. If it is lamp black, it is not white. If it is intentional or wilful, it is not negligence. If it is negligence, it is not intentional or wilful. Also, what possible legal significance can be given the expression "wanton and reckless negligence?"

It is often difficult to determine where negligence ends and wantonness or wilfulness begins. A rule of practical convenience, not of reason, for pleading and trial is that one may plead the injury as caused by wantonness or wilfulness, and, under the pleading, prove the injury as upon negligence, or last clear chance, and this on a theory, akin to that applied in criminal law, of included wrongs. *Howton* v. *Kearns,* 226 Mich. 20.

Rules or tests to aid in distinguishing wilfulness or wantonness have been attempted, 20 R. C. L. p. 145; *Gibbard* v. *Cursan, supra.* They are quite general, and need not be quoted. Each case must be decided on its own facts.

The question in the case at bar is: Was defendant guilty of negligence, or of wilfulness and wantonness? If the former, the judgment must be affirmed, and if the latter, reversed. An important factor is that defendant had the right of way, and had that right in mind at the time. *Kiefer* v. *Fink,* 236 Mich. 274. Johnson's conduct as he approached the trunk line would, and it appears did, indicate to defendant that he intended to recognize defendant's superior right of way. *Kiefer* v. *Fink, supra; Pline* v. *Parsons,* 231 Mich. 466. It was upon defendant, of course, to use due care. If he is guilty of anything, it is not having his car under better control as he drove into the intersection. But this, at most, is negligence—clearly not wilfulness or wantonness.

Affirmed.

McDONALD, POTTER, SHARPE, and WIEST, JJ., concurred with CLARK, C. J.

FEAD, J. (*concurring*). I concur in the result, but wish to register dissent from the view that the term "gross negligence" has no place in the law of negligence other than as meaning discovered or subsequent negligence; that, otherwise, it is the same as "wilful *and* wanton misconduct," and that "wilful" and "wanton" are synonymous. The dissent may be more academic than practical, as applied to the statute at bar, because it is clear that, to support recovery, the wrongful act must be more than ordinary negligence. It must be characterized by wantonness at least. But I wish to avoid concurring in the view that, to be liable, a defendant must have had the intention to hurt someone, and that liability cannot be predicated on a negligent act which is wantonly reckless rather than malicious.

NORTH and BUTZEL, JJ., concurred with FEAD, J.