## WYMA v. VAN ANROOY.

1. MOTOR VEHICLES—GUEST PASSENGER ACT—NEGLIGENCE—WANTONNESS—WILFULNESS.

   Failure of automobile driver, in attempting to pass automobile going in same direction, to give due heed to oncoming automobile or to situation in which it would place him, may constitute negligence, but it is wanting in wilfulness or wantonness within meaning of guest passenger act (1 Comp. Laws 1929, § 4648).

2. SAME—FAILURE TO STOP AT SCENE OF ACCIDENT.

   As regards liability of automobile driver under guest passenger act, gross negligence or wilful and wanton misconduct must arise out of operation of car, and does not arise out of failure to stop at scene of accident, as required by statute (1 Comp. Laws 1929, §§ 4648, 4722).

---

On liability of operator of automobile for injury to guest, see annotation in 20 A. L. R. 1014; 26 A. L. R. 1425; 40 A. L. R. 1338; 47 A. L. R. 327; 51 A. L. R. 581; 61 A. L. R. 1252; 65 A. L. R. 952.

Appeal from Allegan; Miles (Fred T.), J. Submitted June 8, 1932. (Docket No. 34, Calendar No. 36,540.) Decided October 3, 1932. Rehearing denied December 6, 1932.

Case by Mary Wyma, administratrix of the estate of George Wyma, deceased, against Abraham Van Anrooy for personal injuries resulting in death of plaintiff's decedent received while a passenger in defendant's automobile. Verdict and judgment for plaintiff. Defendant appeals. Reversed without a new trial.

*Diekema, Cross & Ten Cate,* for plaintiff.

*Mason, Alexander, McCaslin, Cholette & Mitts,* for defendant.

WIEST, J. The 4th day of December, 1930, plaintiff's decedent was a guest, riding in an automobile driven by defendant. Defendant, in an endeavor to pass an automobile going in the same direction, collided with an approaching automobile, and, in a collision with still another automobile, plaintiff's decedent received fatal injuries. This suit was brought under the guest act (1 Comp. Laws 1929, § 4648) to recover damages. Plaintiff claims that the accident was caused by the gross negligence and wilful and wanton misconduct of defendant. Plaintiff had verdict and judgment, and defendant prosecutes this review.

Plaintiff's decedent, defendant, and others were interested in having a State cemented highway pass their premises, and, at the time of the accident, were returning to their homes from a trip to Lansing, where they had interviewed the State highway commissioner. On this account defendant contends that plaintiff's decedent and himself were engaged in a joint venture or enterprise.

Plaintiff made no case under the guest act, and we need not determine whether mutual interest in securing a public improvement and efforts in behalf of private desire incident thereto constitute a joint adventure or enterprise.

The testimony most favorable to plaintiff's case shows that defendant, in attempting. to pass the automobile ahead of him, did not give due heed to the oncoming automobile and the situation in which it would place him. This was misjudgment or, possibly, judgment so carelessly exercised as to constitute negligence, but was wanting in wilfulness or wantonness.

It is claimed that, after the first collision, defendant increased the speed of his car, turned it to the wrong side of the road and collided with the other car, and plaintiff charges defendant with an attempt to escape from the place of the first accident, contrary to the provisions of the statute (1 Comp. Laws 1929, § 4722), requiring him to stop, and, therefore, he was guilty of gross negligence and wilful and wanton misconduct.

After the first collision defendant's car started for the ditch at the right-hand side of the road and he righted it and then the car went to the left side of the road and to the second collision.

It is claimed by plaintiff that the second collision was at a distance of about 400 feet from the first one.

The question is whether defendant was guilty of negligence amounting to wilfulness or wantonness in his driving after the first collision, and such issue is not to be solved by consideration or application of the mentioned statute. Gross negligence or wilful and wanton misconduct must arise out of the operation of the car. What was not gross negli-

gence or wanton or wilful misconduct before passage of the mentioned statute is not made so by the statute. Gross negligence or wilful and wanton misconduct does or does not exist independent of the requirement to stop at the scene of an accident.

In *Finkler* v. *Zimmer,* 258 Mich. 336, and *Bobich* v. *Rogers,* 258 Mich. 343, we pointed out the distinction between negligence and wilful and wanton misconduct. In the *Bobich Case* we also stated that violation of the statute regulating the speed of an automobile in a residential section does not constitute gross negligence or wilful and wanton misconduct requisite to maintenance of an action under the guest act.

We mention, but do not place decision upon, the testimony of another occupant of defendant's car that plaintiff's decedent, riding on the front seat, said to defendant, "It is clear; the way is clear; you can easy make it," and after they got by, plaintiff's decedent grabbed for the wheel and thereafter the car started across the road and struck the other car.

We may assume, as claimed by plaintiff, that at the time of the first collision defendant was driving at a speed of 65 miles per hour, that he straightened out the course of his car after the collision and then crossed to the wrong side of the road to the second collision, but, from such assumption, it does not follow that he wilfully and wantonly ran to the second collision. It is not enough, under the guest act, that defendant was careless, and, by the exercise of forethought, could have stopped his car, or, by more careful operation, have avoided the second collision.

The proofs, at the most, established negligence on the part of the defendant, but did not establish

the fact that the accident was occasioned by the wilful and wanton misconduct of defendant.

The judgment is reversed, with costs to defendant, and without a new trial.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.