GRABOWSKI v. SEYLER.

1. NEGLIGENCE—GROSS NEGLIGENCE—DEGREES OF NEGLIGENCE NOT RECOGNIZED.

Term "gross negligence" prescribes no standard of conduct; there being no degrees of negligence in this State.

2. SAME—COMPARATIVE NEGLIGENCE.

Doctrine of comparative negligence is not recognized by law of this State.

3. SAME—CONTRIBUTORY NEGLIGENCE—GROSS NEGLIGENCE—WILFULNESS—WANTONNESS.

Contributory negligence is no defense to action based on gross negligence or wilful or wanton misconduct.

4. MOTOR VEHICLES—GROSS NEGLIGENCE—GUEST PASSENGER ACT.

Driver of automobile on snowy, sleety. morning, who, when he saw poorly-lighted truck ahead of him, turned out and attempted to pass, but his car skidded, causing collision, was

As to what constitutes gross negligence within statute limiting liability of owner or operator of automobile for injury to guest, see annotation in 74 A. L. R. 1198.

not guilty of gross negligence, and therefore is not liable for injuries caused thereby to guest passenger in his car (1 Comp. Laws 1929, § 4648).

5. Same—Wilfulness—Wantonness.

. Term "gross negligence," as employed in guest passenger act (1 Comp. Laws 1929, § 4648), does not mean something of less degree than wilful and wanton misconduct.

Appeal from Washtenaw; Sample (George W.), J. Submitted October 6, 1932. (Docket No. 35, Calendar No. 36,708.)     Decided January 3, 1933.     Rehearing denied March 2, 1933.

Case by Dorothy Grabowski against Archie Seyler for personal injuries received in an automobile accident while a guest passenger. Judgment for plaintiff. Defendant appeals. Reversed, and judgment ordered entered for defendant.

*Jacob F. Fahrner, Carl A. Lehman,* and *Raymond Klassen,* for plaintiff.

*Frank B. De Vine,* for defendant.

Potter, J.   Plaintiff sued the defendant to recover damages alleged to have been suffered by her by reason of defendant's gross negligence and wilful and wanton misconduct in driving his automobile westerly on U. S. trunk line highway 12 on the morning of February 7, 1931, at which time he ran into a truck going westerly on U. S. trunk line 12, resulting in injury to plaintiff, damages for which she seeks to recover in this case. Plaintiff was a guest of defendant. The case was tried without a jury and plaintiff awarded a judgment of $9,500 and costs. Defendant appeals, contending that under the facts he was not guilty of gross negligence or wanton or wilful misconduct in the operation of his automobile in which plaintiff was riding

as his guest. (See 1 Comp. Laws 1929, § 4648.) On the morning in question, defendant, his wife, father-in-law, and mother-in-law started from east of Chelsea to Jackson. At Chelsea they picked up plaintiff who rode in the back seat of defendant's automobile. They got an early start and it was dark. It had been misting and raining and the road was slippery, and by reason of its snowing, snow and sleet formed on the windshield of defendant's automobile. The windshield wiper on defendant's car was one that worked by hand. There was some talk between the parties in the automobile about turning back on account of the storm. Defendant thought they could get through to Jackson all right and they went on. Near Leoni the highway passes under the Michigan Central railroad tracks. Near the top of the hill, east of the tracks, defendant met a truck going east. As he entered the winding cut through which the highway passes under the railroad, he saw a truck ahead of him. He turned out and attempted to pass and, as he says, did everything he could to avoid an accident. The truck was poorly lighted. The front wheels of defendant's automobile passed the trailer attached to the truck but the rear wheels skidded on the ice and the automobile hit the corner of the trailer attached to the truck and plaintiff was injured.

The term "gross negligence" prescribes no standard of conduct. There are no degrees of negligence in this State. The doctrine of comparative negligence is unknown to our law. Contributory negligence is no defense to an action based upon gross negligence or wilful or wanton misconduct. If the defendant, under the facts in this case, at the time he discovered the truck ahead of him at the cut at Leoni under the Michigan Central railroad right of

way, realized the imminence of danger to plaintiff and had the means and capacity at hand to prevent such injury but wantonly failed to exercise such available means or any of them, it may be true he might be guilty of gross negligence, but the record does not present such a case. The truck ahead of him was poorly lighted. The record shows that when the defendant saw this truck ahead of him he pulled out to the side of the road and attempted to pass it and avoid any collision therewith. He says there was nothing further could be done than was done by him under the circumstances to avoid the accident. This is not gross negligence. *Finkler* v. *Zimmer*, 258 Mich. 336; *Bobich* v. *Rogers*, 258 Mich. 343; *Wyma* v. *Van Anrooy*, 260 Mich. 295.

"In this jurisdiction there is no such thing as gross negligence in the sense of great or much negligence. *Union Trust Co.* v. *Railway Co.*, 239 Mich. 97 (66 A. L. R. 1515). The term 'gross negligence,' as employed in this statute, does not mean something of less degree than wilful and wanton misconduct. See *Oxenger* v. *Ward*, 256 Mich. 499." *Bobich* v. *Rogers, supra.*

Judgment reversed. Judgment directed to be entered for defendant.

McDonald, C. J., and Clark, Sharpe, North, Fead, Wiest, and Butzel, JJ., concurred.