MOGILL *v.* RESNICK.

1. APPEAL AND ERROR—MOTOR VEHICLES—GUEST PASSENGER ACT.
   On appeal by defendant from judgment in favor of plaintiff notwithstanding fact that she was guest passenger within purview of 1 Comp. Laws 1929, § 4648, Supreme Court must look at facts in light most favorable to plaintiff, though giving credence to her other witnesses and considering physical facts ,as bearing upon probability of her testimony.

2. MOTOR VEHICLES—GROSS NEGLIGENCE—WANTON AND WILFUL MISCONDUCT—LEFT TURN ON RED LIGHT.
   Although automobile driver should have waited until light changed from red to green, permitting traffic to proceed, nevertheless she was not guilty of gross negligence or of wanton and wilful misconduct in making left turn on red light, in absence of showing that traffic was heavy, or that she saw oncoming car in time to avoid collision (1 Comp. Laws 1929, § 4648).

3. SAME—FAILURE TO LESSEN SPEED AT GUEST'S REQUEST.

Automobile driver is not required, at his peril, to comply with demand of guest passenger to lessen speed, nor does noncompliance in and of itself constitute evidence of wilfulness or wantonness (1 Comp. Laws 1929, § 4648).

Appeal from Wayne; Hunt (Ormond F.), J. Submitted April 5, 1933. (Docket No. 24, Calendar No. 37;048.) Decided May 16, 1933.

Case by Gussie Mogill against George Resnick and another for personal injuries received while a guest passenger in defendants' automobile, alleged to have been due to gross negligence and wanton and wilful misconduct of defendant Rose Resnick. Judgment for plaintiff. Defendants appeal. Reversed, without a new trial.

*Maxwell I. Silverstein,* for plaintiff.

*Vandeveer & Vandeveer,* for defendants.

BUTZEL, J. Gussie Mogill, plaintiff, was a guest passenger of Rose Resnick, defendant, on June 17, 1930, a clear day. In the early part of the afternoon, the parties drove in a westerly direction along Chicago boulevard, with the intention of proceeding along that thoroughfare to 12th street, running north and south, and then proceeding in a southerly direction along 12th street to a steamship office located thereon some eight blocks below Chicago boulevard. Chicago boulevard is a wide thoroughfare with an ornamental parkway about 50 feet in width in the center, flanked by a paved lane on each side, the northerly one exclusively for vehicles going to the west, and the southerly one devoted to east-bound traffic. Defendant, instead of turning south on 12th street, continued along Chicago boulevard,

and, when plaintiff remonstrated with her because of her failure to make the turn, she was told not to worry, that they would make up for the loss of time. Plaintiff claims that thereupon defendant speeded up her car to 35 miles an hour or more, so that the car "shook." Plaintiff further claims that she asked defendant not to speed, and, when she continued at the same rate, she insisted that she would jump if defendant did not let her out. Defendant is said to have replied: "Oh, don't be a coward; don't be silly."

There are traffic lights at the intersection of Chicago boulevard and 14th avenue, and a green signal light gave defendant, as she approached the corner, the right of way. Defendant crossed to the westerly side of 14th avenue, turned south, and then southeast in order to enter the east-bound lane of traffic on Chicago boulevard. Plaintiff claims that defendant made the crossing and turn at about 35 miles an hour, with the result that she lost control of the car. Two witnesses testified on behalf of plaintiff that defendant's rate of speed was from 20 to 25 miles an hour. A car driven by one August Burns was proceeding in an easterly direction along the southerly lane of Chicago boulevard. The Burns car had almost reached the east side of 14th avenue when it was struck by defendant's car and plaintiff sustained injuries as a result of this collision. It was shown that the Burns car was the only car coming from the west.

Plaintiff claims that defendant was driving recklessly and at an unlawful rate of speed, both while going west on Chicago boulevard between 12th street and 14th avenue and at the time she made the complete turn on 14th avenue. In view of the fact that defendant persisted in driving in what is

termed a reckless manner, over the protests and threats of plaintiff to jump from the car, plaintiff insists that she was guilty of gross negligence and wanton and wilful misconduct. On this basis plaintiff claimed that she was entitled to recover, notwithstanding the fact that she was a guest passenger, within the purview of 1 Comp. Laws 1929, § 4648. The case was heard by a trial judge without a jury, and he rendered a judgment of $1,500 in favor of plaintiff and against defendant and her husband, the owner of the car, who was made a codefendant.

On appeal, we must look at the facts in a light most favorable to plaintiff, though we give credence to her other witnesses and consider the physical facts as bearing upon the probability of her testimony. Notwithstanding the reckless manner in which plaintiff asserts the car was driven up to 14th avenue, it arrived safely at that point. Defendant came across 14th avenue with the green light in her favor and then made a left turn at the intersection. At that point, defendant was in an area of safety between the two sides of the parkway. While there is no question but that she should have stopped and waited until the lights changed and permitted traffic on 14th avenue to proceed, nevertheless, we do not believe that she was guilty of gross negligence or of wanton and wilful misconduct in making a left turn on the red light. Had we not refused to accept in this State comparative degrees of negligence, we might consider whether defendant was guilty of more than ordinary negligence. There is no showing that there was heavy traffic proceeding along Chicago boulevard, or that defendant was aware of the oncoming car in time to avoid a collision. Plaintiff herself testified she first saw the

other car when it had reached the middle of the intersection.

In the case of *Bobich* v. *Rogers,* 258 Mich. 343, we held that the driver of an automobile is not required at his peril to comply with the demand of his guest to lessen speed, nor does noncompliance in and of itself constitute evidence of wilfulness or wantonness. See, also, *Finkler* v. *Zimmer,* 258 Mich. 336; *Van Blaircum* v. *Campbell,* 256 Mich. 527; *Boyle* v. *Moseley,* 258 Mich. 347; *Morgan* v. *Tourangeau,* 259 Mich. 598; *Willett* v. *Smith,* 260 Mich. 101; *Wyma* v. *Van Anrooy,* 260 Mich. 295; *Grabowski* v. *Seyler,* 261 Mich. 473.

Judgment of the lower court is reversed, with costs to defendants, without a new trial.

McDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, FEAD, and WIEST, JJ., concurred.