SCHLACTER *v.* HARBIN.

1. Appeal and Error—Judgment Non Obstante Veredicto—Evidence.

   On appeal from judgment for defendant *non obstante veredicto* for plaintiff, testimony must be treated in the most favorable light to plaintiff, where defendant produced no testimony.

2. Negligence—Comparative Negligence—Degrees of Negligence.

   Comparative negligence or degrees of negligence are not recognized in this jurisdiction.

3. Automobiles—Guest Passenger Act—Gross Negligence.

   Gross negligence, as used in the guest passenger act, is such negligence as is characterized by wantonness or wilfulness (1 Comp. Laws 1929, § 4648).

4. Same—Speed—Atmospheric Conditions—Windshield Wiper.

   In action by guest passenger for injuries received when riding on running board of roadster while defendant with three passengers seated at his side drove 40 miles an hour within city

limits between 1:30 and 2 o'clock on a rainy, misty morning over a wet and slippery pavement while his windshield wiper failed to work automatically and grazed a parked car which he failed to see while he believed he had his car under control, judgment for defendant *non obstante veredicto* for plaintiff *held,* proper where it is not claimed defendant saw parked car and intentionally drove very close to it and accident was not caused by skidding or sluing such as had provoked previous cautions by plaintiff and another to be careful (1 Comp. Laws 1929, § 4648).

5. SAME — SPEED — REQUEST OF GUEST PASSENGER — WILFUL AND WANTON MISCONDUCT.

Failure of motorist to slacken speed of car at request of guest passenger riding on running board of roadster *held,* not to constitute, in and of itself, evidence of wilfulness or wantonness within meaning of guest passenger act (1 Comp. Laws 1929, § 4648).

Appeal from Genesee; Gadola (Paul V.), J. Submitted October 18, 1935. (Docket No. 115, Calendar No. 38,562.) Decided November 12, 1935.

Case by Clarence Schlacter against Floyd S. Harbin for personal injuries received while a guest passenger in defendant's automobile. Verdict for plaintiff. Judgment for defendant *non obstante veredicto.* Plaintiff appeals. Affirmed.

*Doran & Pearson (Carton, Gault & Davison,* of counsel), for plaintiff.

*Rodgers & Dunn,* for defendant.

BUTZEL, J. Plaintiff, a guest in a Ford roadster owned and driven by defendant, rode with two other passengers from Flint to Pontiac. After spending the evening there, they prepared to return to Flint between 1:30 and 2:00 a. m., on October 1, 1933. On going to defendant's car, plaintiff found it occu-

pied by six people, defendant and three others on the front seat of the roadster and two more on the rumble seat in the rear.  Thus deprived of a return passage, plaintiff first succeeded in getting aboard a milk truck, but later accepted defendant's invitation to ride on the running board of his car.  Standing on the right side of the car, at times he put his head through the open window into the car to avoid the rain.  When the car began the return trip, it was raining intermittently, the pavement was wet and slippery and there was a heavy mist so that visibility was limited to 15 or 20 feet in front of the car.  In addition to this, the automatic windshield wiper was not working and defendant was obliged to operate it with his hand in order to see ahead. Defendant's view to the right obviously would be somewhat cut off with three passengers seated at his side and plaintiff further being at or near the right side window.  The car proceeded along Huron street at a speed of 40 miles per hour and then turned into Saginaw street when it skidded and plaintiff admonished the defendant to be more careful, that he was on the outside of the car.  In traveling on Saginaw street between Huron street and Oakland avenue, defendant drove his car along the car tracks.  The car slued again twice—once as the tires caught in the rails.  Defendant's sister also warned him to be careful.  However, after the car turned up Oakland avenue, it was driven in a straight direction.  The record shows that defendant believed he had his car under control.  The car had proceeded but a short distance along Oakland avenue when it struck or grazed another car parked along the right side of the pavement in front of a parking lot and under an overhead lamp.  Defendant testified that he did not see the car, although he was operating the wind-

shield wiper with his hand and the parked car was plainly visible. Evidently defendant was looking ahead, but not to the side. After the accident, defendant's car proceeded for about 100 feet before it was noticed that plaintiff was no longer standing on the running board. Defendant backed up his car and found plaintiff lying on the pavement and severely injured.

In the lower court, the jury rendered a verdict for plaintiff. The trial judge, however, entered judgment in favor of defendant *non obstante veredicto*.

As defendant produced no testimony, the testimony must be treated in the most favorable light to the plaintiff. Defendant was undoubtedly guilty of negligence in driving at 40 miles an hour, an excessive rate of speed, within the city of Pontiac and particularly so when atmospheric and road surface conditions were bad, the wiper was not working automatically and three others were occupying the seat of the roadster, with plaintiff on the running board on the right side, thus possibly cutting off the view to the right. The condition of the defendant's car after the accident was not shown. The sole question was whether defendant was guilty of gross negligence or wilful and wanton misconduct. As we have frequently stated, we do not recognize comparative negligence or various degrees of negligence. We have attempted heretofore to define gross negligence, a confusing term, as used in the guest statute, 1 Comp. Laws 1929, § 4648; *Finkler* v. *Zimmer*, 258 Mich. 336. Gross negligence is such negligence as is characterized by wantonness or wilfulness. *Finkler* v. *Zimmer, supra; Bobich* v. *Rogers*, 258 Mich. 343; *Wyma* v. *Van Anrooy*, 260 Mich. 295; *Grabowski* v. *Seyler*, 261 Mich. 473; *Mater* v. *Becraft*, 261 Mich. 477. Also, see *Oxenger* v. *Ward*, 256 Mich. 499.

Testimony shows that defendant believed he had his car under control and that the accident resulted from his failure to see the parked car. The fact that he did not comply with the request to lessen the speed of the car does not constitute, in and of itself, evidence of wilfulness or wantonness. *Bobich* v. *Rogers, supra; Mogill* v. *Resnick,* 263 Mich. 103. It is not claimed that defendant saw the parked car and intentionally drove very close to it. The accident was not caused by skidding or sluing such as provoked the previous cautions to be careful. There is no set rule to determine wantonness or wilfulness. The facts in each case must be examined. In the present instance, the most that can be said is that defendant was guilty of negligence, not of gross negligence or wanton and wilful misconduct.

The judgment in favor of the defendant is affirmed, with costs.

POTTER, C. J., and TOY, NORTH, FEAD, WIEST, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.