LUCAS v. LINDNER.

On REHEARING.

1. AUTOMOBILES—PROTEST OF PASSENGER—EVIDENCE.

In action for injuries to minor guest passenger, sustained when defendants' automobile collided with tree after it failed to make turn on 3-way corner after coming over hill 150 feet therefrom at speed of 45 to 50 miles an hour and not heeding a warning lantern, evidence of protest of such guest passenger *held*, not evidence of negligence, wantonness or wilfulness although it may have a bearing upon the state of mind of a driver (1 Comp. Laws 1929, § 4648).

2. SAME—WILFUL AND WANTON MISCONDUCT—CONTINUOUS NEGLIGENT CONDUCT.

Continuous negligent conduct in operation of automobile over slippery road at an excessive speed, brought to driver's notice by skidding into ditch and weaving of car upon slippery road, and persisted in notwithstanding protests of guest passenger *held*, sufficient to render question of wilful and wanton misconduct of driver for jury (1 Comp. Laws 1929, § 4648).

NORTH, C. J., and WIEST and POTTER, JJ., dissenting.

Appeal from Kalamazoo; Weimer (George V.), J. Submitted October 15, 1935. (Docket No. 81, Calendar No. 38,597.) Decided January 6, 1936. Submitted on rehearing April 7, 1936. Decided November 9, 1936.

Case by Anton Lucas, individually and as guardian of Emma Lucas, a minor, against Carl Lindner and Abner Lindner for personal injuries sustained by plaintiff's ward while a guest passenger in defendants' automobile. Verdict and judgment for plaintiff. Defendants appeal. Affirmed on rehearing.

*Clifford A. Mitts, Jr.,* for plaintiff.

*Jackson, Fitzgerald & Dalm,* for defendants.

FEAD, J. I think the case presents testimony from which a jury could fairly find negligence, plus the wilfulness and wantonness required by the guest act (1 Comp. Laws 1929, § 4648).

Two hours before the accident the parties turned off the main highway to a gravel road. It had been raining. The roadbed was soft and slippery. Shortly after turning off the main road they drove down a hill, at the bottom of which was a red lantern to mark a washout. Plaintiff called defendant Carl Lindner's attention to it. Shortly thereafter defendant approached a turn in the road at a speed of 30 to 35 miles per hour, too fast to make the corner, and slued into the ditch. Plaintiff had frequently protested at the rate of speed defendant was driving. After a wrecker pulled the car out plaintiff consented to return home with him only on his promise that he would drive more carefully. Instead of so doing, he drove faster than before, his car weaving on the road. When they came to the red lantern plaintiff warned defendant that they were near the corner and asked him to slow down. He said he would not take orders from any woman and went over the hill at a speed of 45 to 50 miles per hour. The hill was about 150 feet from the main road. He ran across the main road and struck trees on the other side.

The above testimony was given in the plaintiff's main case and before defendants moved for direction of verdict.

The protest of a passenger, of course, is not evidence of negligence, wantonness or wilfulness. How-

ever, it may have a bearing upon the state of mind of a driver.

This is not a case of a single act of negligence. It involves continuous negligent conduct, with the danger of excessive speed on a slippery road apparent to any careful driver, brought definitely to the notice of defendant by his skidding into the ditch and the weaving of his car upon the road and persisted in, with the driver guilty of more reckless and negligent conduct as his self-esteem was hurt by the protest of the passenger.

Judgment affirmed.

BUTZEL and BUSHNELL, JJ., concurred with FEAD, J.

WIEST, J. This is an action under the guest act, 1 Comp. Laws 1929, § 4648.

The evening of October 21, 1933, defendant Carl Lindner invited Emma Lucas, who was then 19 years of age, to go for a ride in the automobile of his father, defendant Abner Lindner, and, while the car was driven by defendant Carl Lindner over a highway ending at a turn upon another highway, the driver failed to make the turn and the car crossed that highway, collided with a tree, overturned and Miss Lucas was seriously injured. The wilful and wanton misconduct, claimed to bring the case within liability under the guest enactment, was excessive speed over a wet and slippery highway, while approaching the end of the road, which was obscured by a hill and, therefore, inability to make the turn. Earlier in the driving, while approaching the other end of the road, the car slued into a ditch and had to be pulled out and, at that time, Miss Lucas, only upon the promise of slower driving, resumed the trip.

Counsel make extended review of our decisions upon what constitutes gross negligence, or wilful and wanton misconduct, within such term as employed in the statute. We say "term" advisedly, for it is single in purpose and the import is in the distinguishing words "wilful and wanton misconduct," in order to remove it from mere degrees of negligence. In opinions it has sometimes been termed "such a degree of recklessness as approaches wilful and wanton misconduct." This, unless fully grasped, might lead to any degree of approach, and it was intended to mean much more and to cover only such acts in the presence of apparent danger as disclose a wilful and wanton disregard of consequences, reasonably to be apprehended. In other words such recklessness as fits the term "wilful and wanton misconduct."

We said in *Perkins* v. *Roberts*, 272 Mich. 545:

"The term 'wanton and wilful misconduct,' as employed in the guest act, differs in kind and not merely in degree from ordinary, actionable negligence, for the term carries more than a 'vituperative epithet.'

"As said in *Stout* v. *Gallemore,* 138 Kan. 385, 393 (26 Pac. [2d] 573), of a similar statute:

" 'The statute would be ineffective, also, if the liability from which it relieved operators of automobiles were reestablished by the use of exaggerated terms to describe negligence.' "

If the driver knew of the turn he was approaching and miscalculated its distance away he may have been guilty of negligence in not slowing the speed of his car, but he was not guilty of wilful and wanton misconduct. The same is true if he was not familiar with the location of the turn and view thereof was cut off by a rise in the road until it was too late to reduce speed and make the turn.

But it is said that Miss Lucas warned him that he was driving too fast. The driver of a car is at the steering wheel and not on the back seat.

We have repeatedly held that the driver of an automobile is not, at his peril, required to comply with the request of a guest relative to speed, and that noncompliance with such a request, in and of itself, is not evidence of wilfulness or wantonness. See *Bobich* v. *Rogers,* 258 Mich. 343, and *Mogill* v. *Resnick,* 263 Mich. 103.

The driver may have been negligent but the evidence did not warrant a finding of wilful and wanton misconduct.

Judgment should be reversed, without a new trial, and with costs to defendants.

NORTH, C. J., and POTTER, J., concurred with WIEST, J. EDWARD M. SHARPE, J., did not sit.

The late Justice NELSON SHARPE took no part in this decision.

### ON REHEARING.

TOY, J. The judgment is affirmed for the reasons stated in the opinion of Mr. Justice FEAD writing for affirmance.

FEAD, BUTZEL, BUSHNELL and SHARPE, JJ., concurred with TOY, J.

WIEST, J. Judgment should be reversed under our former views.

NORTH, C. J., and POTTER, J., concurred with WIEST, J.