THOMAS *v.* PARSONS.

1. AUTOMOBILES—EXCESSIVE SPEED—WILFUL AND WANTON MISCONDUCT.

While excessive speed alone is not deemed wilful and wanton misconduct within meaning of guest passenger act, it is an element to be considered in connection with other circumstances (1 Comp. Laws 1929, § 4648).

2. SAME—NEGLIGENCE—SPEED—SURFACE OF ROAD.

Driving car at speed of 70 to 80 miles per hour over rough road with slope from center down to sides which naturally tended to cause it to swerve off the pavement especially on crossing the center from one side to the other would justify a finding of negligence.

3. SAME—WILFUL AND WANTON MISCONDUCT—EVIDENCE—GUESTS.

Evidence that host motorist drove guests, notwithstanding their repeated objections as to direction and speed, on nocturnal trip over road with rough and pitted pavement 9 feet wide with gravel sides, so constructed as naturally to cause swerving of car when crossing over crowned center at speed of 70 to 80 miles an hour and, for purpose of scaring his own passengers and occupants of car ahead, driving slowly in same direction, drove closely thereto before attempting to turn out and overturned in course of negotiating passage around same *held*, to justify verdict finding him guilty of wilful and wanton misconduct in action under guest act (1 Comp. Laws 1929, § 4648).

4. SAME—OVERTAKING VEHICLES—ROUGH ROAD—EXCESSIVE SPEED—WILFUL AND WANTON MISCONDUCT—GUESTS.

Contention that accident, which occurred as host motorist was negotiating passage around car traveling in same direction, was not due to any condition as to which he had prior warning *held*, not to relieve him of liability where jury was enabled to find it was caused by car bounding on a rough road at an excessive speed and such conduct was aggravated by his attempting a new act of misconduct in driving to about 100 feet from overtaken vehicle before attempting to swerve left and pass it (1 Comp. Laws 1929, § 4648).

Appeal from Allegan; Miles (Fred T.), J. Submitted October 9, 1936. (Docket No. 62, Calendar No. 39,143.) Decided December 9, 1936.

Case by George E. Thomas against Lawrence A. Parsons for damages for personal injuries sustained while a guest passenger in defendant's automobile. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Harry Pell* for plaintiff.

*Jackson, Fitzgerald & Dalm,* for defendant.

FEAD, J.   Plaintiff had judgment for negligent personal injuries on trial before a jury.

About 9 o'clock in the evening of March 4, 1932, defendant, with plaintiff and Ingraham as guest passengers, drove from Plainwell to Cressey to attend a dance.   There being no dance, they started back toward Plainwell.   When near a crossroad, River Road, defendant suggested they go to Kalamazoo.   His passengers objected but, nevertheless, he turned into River Road with the remark that his guests were going to Kalamazoo whether they wanted to or not and he was going to give them a "ride."

For a distance, River Road is gravel.   Driving at 50 to 60 miles per hour they came to a bridge, not level with the road but higher.   The car bounded over to the side of the road.   They approached a second bridge at 70 to 75 miles per hour and bounded off the side of the road but defendant righted the car and proceeded.   The passengers asked him to slow down.

The road beyond is tarmac, a gravel road treated with oil or asphalt to produce a hard surface.   For some two miles the hard top is 14 to 16 feet wide, with 2-foot gravel shoulders; beyond, and at the point of the accident, it had been treated for a 9-foot hard center with 6-foot gravel shoulders.   However, by wear, the edges of the whole pavement had become ragged, with chuck holes, and had reduced the hard top width.   The gravel shoulders had been worked over the edges.   At the point of the accident the hard center was 7 to 9 feet wide.   The top of

the road was irregular and wavy and the center rounded higher than the sides.

After passing the second bridge defendant continued to drive at a speed of 70 to 80 miles per hour; the car "jumped" or "galloped" or "danced" over the road on striking wavy spots and three or more times bounded to the side of the road and partly off the pavement so defendant had difficulty in getting back upon it. At one time, when it looked as though the car was going into the ditch, plaintiff asked him to slow down but he continued at the high rate of speed.

After rounding a slight curve, the passengers saw a car some 1,000 feet beyond, headed in the same direction on the right side of the road, and stopped or going slowly. Defendant continued to drive on the right side and directly at the car (except that the car ahead ran partly off the pavement to permit him to pass) until about 100 feet from it, when he swerved to the left, passed the car with his left wheels on the gravel shoulder, his car began to "whip" or swerve from side to side and finally rolled over, injuring plaintiff. After the accident, defendant said that he drove at the car ahead to scare his own passengers and also that he thought there were a couple of "neckers" in the car ahead and he wanted to scare them but "guessed he did'nt turn out soon enough."

Defendant did not take the stand.

The question is whether the testimony raised an issue of fact upon the "gross negligence or wilful and wanton misconduct" of defendant under the guest act, so-called (1 Comp. Laws 1929, § 4648).

This court has held that excessive speed alone is not such misconduct. *Keilitz* v. *Elley,* 276 Mich.

701. But it has not held, nor could it hold, that excessive speed is not an element thereof to be considered in connection with other circumstances.

The road itself possessed danger apparent to any careful driver. Aside from its roughness, the slope from the center down to the sides would naturally tend to cause a car to swerve off the pavement, especially on crossing the center. Driving a car over such a road at 70 to 80 miles per hour would justify a finding of negligence.

If, by taking his passengers for a "ride," defendant intended a journey indicated by the underworld use of the word but somewhat modified in common acceptation, he started the trip with a state of mind which included at least some degree of wilful recklessness. To this there were not only the added after-element that defendant had warning of the danger of losing control of his car on account of excessive speed, both orally from his passengers and actually from his own experience, but also the showing that the accident itself arose out of an affirmatively reckless state of mind, a deliberate intention to depart further from careful driving or even negligent driving and to increase the existing danger for the purpose of scaring his passengers and occupants in the car ahead. The jury was justified in finding him guilty of wilful and wanton misconduct. *Schneider* v. *Draper,* 276 Mich. 259; *Wolfe* v. *Marks,* 277 Mich. 154; *Lucas* v. *Lindner,* 276 Mich. 704.

*Holmes* v. *Wesler,* 274 Mich. 655, and other cases relied upon by defendant are distinguishable for lack of prior warning, lack of continuous negligence and wilful misconduct or lack of actual intention to chance greater peril on an already known dangerous road.

Defendant, however, argues that the accident was not due to any condition of which he had had prior warning, *i. e.*, that it did not occur when at a bridge nor from his car jumping around on the rough pavement. The obvious answer is that the testimony enabled the jury to find that the accident was caused by the car bounding on a rough pavement, due to excessive speed, plus, and aggravated by, defendant's attempting a new act of misconduct which could not have failed to increase the danger of which he had had prior warning.

Affirmed, with costs.

NORTH, C. J., and WIEST, BUTZEL, BUSHNELL, SHARPE and TOY, JJ., concurred. POTTER, J., did not sit.