ROWE *v.* VANDER KOLK.

1. AUTOMOBILES — HOST AND GUEST — NEGLIGENCE — WILFUL AND WANTON MISCONDUCT.

Since it is impossible to mark with exact nicety the line between ordinary negligence on the one hand and gross negligence or wilful and wanton misconduct on the other, the factual aspect of each case involving the liability of a host motorist for injuries suffered by his guest passenger is, of necessity, the determining factor (1 Comp. Laws 1929, § 4648).

2. SAME—GUEST PASSENGERS—WILFUL AND WANTON MISCONDUCT— EVIDENCE.

In guest passenger's action against host motorist for injuries sustained when car, traveling at about 40 miles an hour within city limits on a through highway at about 9:30 p. m. late in December, collided with rear end of truck and semi-trailer, moving slowly in the same direction, evidence that, shortly prior to starting on trip from roadhouse to city, plaintiff, defendant and another passenger had consumed a quart of sloe gin and six bottles of beer; that, notwithstanding weather was clear and cold, street lights and lights of two gasoline stations, the visibility was poor as the windshield had no defroster and space cleared by heat from palm of hand was

insufficient; highway was slippery and truck traffic known to be heavy and defendant and other passenger did not see truck until about 15 feet therefrom *held*, insufficient to submit to jury question of whether host was guilty of gross negligence or wilful and wanton misconduct within meaning of guest passenger act (1 Comp. Laws 1929, § 4648).

3. SAME—LIABILITY OF HOST—RECORD.
In guest passenger's action against host motorist, latter *held*, not liable where record shows he was not guilty of gross negligence or wilful and wanton misconduct in omitting to use care and diligence to avert a threatened danger after he was chargeable with knowledge of such danger (1 Comp. Laws 1929, § 4648).

Appeal from Kalamazoo; Weimer (George V.), J. Submitted October 15, 1936. (Docket No. 109, Calendar No. 39,204.)   Decided December 28, 1936.

Case by Kenneth B. Rowe against Neil Vander Kolk for personal injuries sustained while a guest passenger in defendant's automobile. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Mason, Sharpe & Stratton,* for plaintiff.

*Jackson, Fitzgerald & Dalm (Harry E. Rodgers,* of counsel), for defendant.

NORTH, C. J.   Plaintiff, a guest in defendant's automobile, seeks to recover damages for personal injuries caused by defendant's car colliding with the rear end of a truck and semi-trailer traveling in the same direction on a public highway. At the close of plaintiff's proofs defendant's motion for a directed verdict was granted. This was on the ground that plaintiff had not offered testimony that defendant was guilty of gross negligence or wilful and wanton

misconduct which caused the accident and, therefore, recovery was barred by the provisions of the so-called guest act. 1 Comp. Laws 1929, § 4648. Plaintiff has appealed.

The following statement of facts, adopted almost verbatim from appellant's brief, sets forth the testimony in the light most favorable to him:

The defendant and appellee, hereinafter called the defendant, on December 23, 1935, at approximately 9:30 p. m. drove his automobile into the rear end of a truck and semi-trailer traveling south and in the same direction as defendant. The truck was lighted and was not parked on the pavement. The plaintiff was a guest in the car of defendant, and at the time of the collision was asleep in the front seat. Alfred Gunn, a mutual friend of plaintiff and defendant, was in the back seat. The collision took place on US–131 inside the city limits of Kalamazoo. The traffic on this highway is very heavy. There are a great number of trucks that use this highway during the night. The defendant was very familiar with the traffic conditions on this highway, and had traveled over it many times. US–131, at the time here in question, was bare in spots and in spots was covered with snow and ice. Inside the city of Kalamazoo, where the collision occurred, the pavement was covered with snow and ice, except that there was a rut in the center where the traffic had worn through to the pavement but the pavement was slippery. The defendant was familiar with this condition. At the time in question the weather was clear and very cold, windshields were rapidly frosting over, and it was nearly impossible to maintain space on the windshield for vision without some mechanical device for that purpose. Defendant had no such device on his car. It was necessary to hold the palm of the hand flat against the windshield so

that the heat from the hand would melt the frost. The collision occurred between two street lamps inside the city; there were two lighted gasoline stations on either side of the highway about 250 feet north of where the collision happened. The locality was lighted from the street lamps and the lights on the gasoline stations. Plaintiff and defendant worked for the Lockshore Dairy Company. Plaintiff had been driving a truck throughout the day. Between 6 and 7 p. m. the plaintiff had driven to the company's farm about three miles north of Richland for milk. At that time plaintiff experienced trouble with the windshield frosting over, and found it necessary to melt the snow with his hand, but at such times slowed down the speed of his truck to a speed commensurate with safety. Defendant and Alfred Gunn rode with him to the company's farm. After returning from the farm and completing their duties at the dairy, they divided among them a quart of sloe gin. They then got into the defendant's car and drove to the California Camp, a roadhouse three or four miles north of Kalamazoo, located on US–131. While there they each had two bottles of beer. They started for Kalamazoo from the California Camp about 9:25 p. m. and it was on their way back and after reaching the city limits that the collision happened. On the way home from the California Camp the defendant's windshield completely frosted over. He had to hold his hand on the windshield to melt the frost. His only vision consisted of the space so melted by the heat from his hand. He could only see through this opening to a certain extent. At the time of the collision the defendant was trying to make an opening on the windshield for vision. The truck loomed up all at once. Alfred Gunn who was in the rear seat saw the lights of the truck just before the impact. He

says "just before we hit it," probably when five or ten feet away, and that defendant applied the brakes about the same time Gunn saw the truck. Defendant estimated that the truck was 15 feet away when he first saw it. At the time of the collision defendant was driving at a speed of about 40 miles per hour. On the return trip defendant had been driving 35 to 40 miles per hour. Plaintiff was asleep and knew nothing about the collision until after it happened, but before leaving the camp he had asked defendant if he could drive all right. As a result of the impact defendant's car was practically demolished, the radiator was pushed back, the hood was pushed back through the windshield, and plaintiff was seriously injured. Defendant admitted that the frosted windshield caused the accident.

We think the circuit judge, under the particular facts of this case, arrived at the right result and that the judgment entered in the trial court should be affirmed. It is not possible to mark with exact nicety a line which may be said to be the boundary between ordinary negligence on the one hand and gross negligence or wilful and wanton misconduct on the other. Instead the factual aspect of each case is of necessity the determining factor. *Schneider* v. *Draper,* 276 Mich. 259.

The proximate cause of this accident was that when driving at too great a rate of speed, in view of the prevailing conditions affecting safety in driving, defendant suddenly and without warning came upon a truck proceeding in the same direction at a slow rate of speed. Visibility was poor, the highway slippery, and truck traffic known to be rather heavy. Defendant was negligent as a matter of law; but the test in the instant case is whether there is testimony which would sustain a jury's verdict that defendant

was guilty of gross negligence or wilful and wanton misconduct.

What defendant did in the instant case was in the regular course of operating his automobile, except in some respects done negligently. In other words he was not attempting some reckless act wholly dissociated with the ordinary incidents of operating his machine. Here defendant was not continuing in a course of reckless conduct by racing at 60 or 70 miles per hour when his vision was obscured by dust, going over a detour covered with loose gravel and knowing another car was immediately in front of him as in *McLone* v. *Bean,* 263 Mich. 113; nor was his conduct in driving on a par with that of the defendant in *Goss* v. *Overton,* 266 Mich. 62, where at a time when he was passing other vehicles on the highway the defendant continued driving at the rate of 60 miles per hour, with vision obscured by dust, on a highway covered with loose gravel, when he was knowingly approaching a curve. Likewise we think on the facts the instant case is distinguishable as to the question involved from *Schneider* v. *Draper, supra,* where the testimony was susceptible of the construction that the defendant, intentionally "zigzagging" his car from curb to curb at excessive speed, ran directly at a pole in the highway, closer than he knew he ought and for the purpose of frightening his passengers; and the same may be said of our more recent decision in *Thomas* v. *Parsons, ante,* 276, where after ample warning of the dangerous character of his driving the defendant persisted in his course of misconduct, increased his rate of speed to 70 or 80 miles per hour, and then added to the hazards by attempting to see how close he could drive to another car ahead without hitting it, for the purpose of scaring the occupants of both

his own and the other car. In short, we are impressed with the fact that the element of deliberate recklessness, prompted by something else other than the operation of defendant's own automobile, as found in the cited cases, is lacking in the instant case. In this particular the instant case differs from the decisions of this court upon which appellant relies. Here defendant was continuing to operate his car in the same manner in which he had safely proceeded thus far on his journey back to Kalamazoo; but suddenly and without warning the proximate cause of the accident developed in the unexpected overtaking of a heavy, slow-moving vehicle.

A characteristic element in many, if not all, of the cases in which this court has held a question of fact was presented under the guest act is that there was continued persistency in defendant's course of misconduct after ample warning, or after it became apparent that continuance of such misconduct would result in injury to the defendant's guests. *Manser* v. *Eder,* 263 Mich. 107; *Schlacter* v. *Harbin,* 273 Mich. 465. We think that cannot be said of the instant case, except somewhat in the same sense it may be said that every person who operates a motor vehicle upon our public highways knowingly subjects himself and his guests to certain hazards. Under this record there is no testimony that defendant was guilty of gross negligence or wilful and wanton misconduct in omitting to use care and diligence to avert a threatened danger after he was chargeable with knowledge of such danger. As involving somewhat similar facts, see *Van Blaircum* v. *Campbell,* 256 Mich. 527; *Grabowski* v. *Seyler,* 261 Mich. 473.

Judgment entered in the circuit court is affirmed, with costs to appellee.

Fead, Wiest, Butzel, Bushnell, Sharpe and Toy, JJ., concurred. Potter, J., did not sit.