## TURNER v. BUCHANAN.

### SAME v. LAYTON.
Nos. 7359, 7360.

Circuit Court of Appeals, Sixth Circuit.
Feb. 8, 1938.

724

Matthew Davison, Jr., and H. G. Gault, both of Flint, Mich. (Carton, Gault and Davison, of Flint, Mich., on the brief), for appellant.

H. M. Stanton, of Saginaw, Mich. (Doran & Pearson, of Flint, Mich., on the brief), for appellees.

Before HICKS and SIMONS, Circuit Judges, and RAYMOND, District Judge.

SIMONS, Circuit Judge.

The appeal involves the interpretation by the Michigan Supreme Court and the application to uncontroverted facts of the so-called "Automobile Guest Act" of that state, which is section 4648 of the 1929 Michigan Compiled Laws.

The statute so far as applicable reads: "Provided, however, That no person, transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been caused by the gross negligence or wilful and wanton misconduct of the owner or operator of such motor vehicle and unless such gross negligence or wilful and wanton misconduct contributed to the injury, death or loss for which the action is brought."

For injuries accidentally received by their wards while riding as guest passengers in the appellant's automobile, driven by her son, himself killed in the accident, alien guardians sued appellant in the court below, invoking jurisdiction because of diversity of citizenship. The causes were consolidated for trial. The appellant offered no evidence, but at the close of the case challenged the right of the plaintiffs to recover by motion for directed verdicts based upon the terms of the statute. The issues were nevertheless submitted to the jury, verdicts returned for the plaintiffs, motions by the defendant for judgments non obstante veredicto and for new trial denied, and judgments entered for the plaintiffs. The causes are here upon a single record, and the sole question presented is whether the court was in error in overruling the motion for peremptory judgments.

The right of action by a nonpaying passenger in a motor vehicle against its owner or operator being limited by the statute in derogation of the common law as it had prevailed in Michigan prior to its enactment, Roy v. Kirn, 208 Mich. 571, 175 N.W. 475, it becomes necessary under the Conformity Act, section 725, title 28 U.S.C., 28 U.S.C.A. § 725, to ascertain the scope of the Michigan statute as construed and applied by the Supreme Court, its court of last resort. Actions for damages being limited to those resulting from accidents caused by "the gross negligence or wilful and wanton misconduct of the owner or operator," the connotation of this phrase must control decision.

In its first construction of the statute, Oxenger v. Ward, 256 Mich. 499, 240 N.W. 55, 57, the court, upon a consideration of its purpose and the meaning of the term "gross negligence" as it had theretofore been judicially defined, concluded that gross negligence meant "such a degree of recklessness as approaches wanton and wilful misconduct." However, this language may suggest recognition of degrees of negligence and an appraisal of conduct which approaches yet fails in some degree to reach wanton and willful misconduct, a refinement of interpretation noted by a dissenting Justice as having been urged in Lucas v. Lindner, 276 Mich. 704, 707, 269 N.W. 611, yet it seems clear enough from the later decisions of the court that the entire phrase is single in purpose and import, and was intended to cover only such acts as disclose a willful and wanton disregard of consequences. As was said in Finkler v. Zimmer, 258 Mich. 336, 241 N.W. 851, 853, "If a defendant be guilty of more than negligence, we pass to willfulness or wantonness, and find ourselves entirely out of the field of negligence, for willfulness, wantonness, recklessness 'transcends negligence—is different in kind,'" and again in Perkins v. Roberts, 272 Mich. 545, 262 N.W. 305, 306, "The term 'wanton and willful misconduct,' as employed in the guest act, differs in kind and not merely in degree from ordinary, actionable negligence, for the term carries more than a 'vituperative epithet.'"

The criteria of negligent conduct sufficient to carry a case to the jury in the usual negligence case are inadequate to bring the cause of action within the permis-

sive scope of the Guest Act, for negligence alone, however extravagant the terms by which it is described, fails to meet the requirements of a cause of action under the statute. So excessive speed upon the highway, Wyma v. VanAnrooy, 260 Mich. 295, 244 N.W. 478, 479; Fink v. Dasier, 273 Mich. 416, 263 N.W. 412; driving while intoxicated, Findlay v. Davis, 263 Mich. 179, 248 N.W. 588; failing to stop for a through highway, Oxenger v. Ward, supra; driving when inexperienced, Willett v. Smith, 260 Mich. 101, 244 N.W. 246; or in a bad conditioned car, Grabowski v. Seyler, 261 Mich. 473, 246 N.W. 189; or rapidly upon icy pavements, Balcer v. Pere Marquette Railway Co., 266 Mich. 538, 254 N.W. 198, have all been held insufficient to create a cause of action under the statute. Plainly something more is required—some element of wilfulness or wantonness or utter disregard of known or reasonably to be apprehended dangers beyond the normal hazards of the road. So driving 68 to 70 miles an hour and racing with another car in a dense cloud of dust upon a gravel highway and heedless of repeated warnings of danger, McLone v. Bean, 263 Mich. 113, 248 N.W. 566; driving into a cloud of dust at excessive speed on a freshly gravelled road while approaching a curve, Goss v. Overton, 266 Mich. 62, 253 N.W. 217; zigzagging at high speed from curb to curb when the weight of passengers upon the running board interfered with steering, Schneider v. Draper, 276 Mich. 259, 267 N.W. 831; resuming travel at high speed on a soft and slippery road immediately after an earlier accident resulting from the same cause, Lucas v. Lindner, supra; driving while asleep after having been awakened from earlier sleep and warned of a narrowly-missed accident, Manser v. Eder, 263 Mich. 107, 108, 248 N.W. 563; Malicote v. De-Bondt, 281 Mich. 650, 275 N.W. 664; and proceeding at high speed over a narrow, broken, and clearly dangerous road for the purpose of scaring passengers and occupants of other cars, Thomas v. Parsons, 278 Mich. 276, 270 N.W. 296, have been held to give rights of action to guests under the statute.

Manifestly in ascertaining local law through construction of inartfully phrased statutes where application must be made to differing facts and circumstances, complete rationalization is not to be expected and entire reconcilement of decisions presents great difficulty. This is clearly recognized by the Michigan court in conceding that, "The factual aspect of each case is of necessity the determining factor," Schneider v. Draper, supra, and that, "It is not possible to mark with exact nicety a line which may be said to be the boundary between ordinary negligence on the one hand and gross negligence or willful and wanton misconduct on the other." Rowe v. Vander Kolk, 278 Mich. 564, 568, 270 N.W. 788, 789. In any event, a careful study of all of the Michigan cases dealing with the statute fails to disclose a single holding wherein mere error of judgment in failing to negotiate the ordinary and usual hazards of the highway has been held to be conduct of such wantonness and willfulness as to create liability under the statute. That the accident in the present case was due to an error of judgment, negligently committed, perhaps, but without the necessary concomitant of willfulness or wantonness, is, we think, the necessary inference to be drawn from the undisputed facts.

■ The appellant's car was being driven by her son upon the Dort Highway, a cut-off on a through north and south highway around the city of Flint, Michigan, and within its limits. It was shortly before midnight on September 16, 1934. While it had rained earlier, rain had ceased and visibility was good. The highway consists of a two-lane concrete pavement upon a 66-foot right of way and is straight, level, and without obstruction or cross roads near the place of accident. Turner was driving north, had passed one car at the rate of sixty miles per hour, and was approaching another north bound car at a somewhat accelerated speed. As he neared the second car, and while upon the right side of the road, a third car was observed coming south. One of his passengers admonished him to "watch out!" Whether Turner misjudged the speed of the car ahead, that of the approaching car, or his own, it is impossible to say, but immediately upon the passing of the south bound car he swung to the left to pass the north bound car. There was contact between the front right side of his vehicle and the rear left end of the other. The Turner car was deflected to the left, control of it was lost, and it crashed into a tree off the highway about seventy feet beyond the point of collision. Turner was killed, and the wards of the plaintiffs injured. There is evidence of Turner's driving at high speed prior to entering the Dort Highway, and of making the turn therein at a speed which, though greatly

reduced, was still great enough to cause a slight skid upon the gravel at the turn, but this conduct is too remote to be considered as a cause of the accident within the qualification of the statute.

The present circumstances are almost identical with those considered by the Michigan court in Wyma v. VanAnrooy, supra, and Fink v. Dasier, supra. In the first the court said, "This was misjudgment or, possibly, judgment so carelessly exercised as to constitute negligence, but was wanting in willfulness or wantonness." We think the present case must be aligned with those just cited rather than with Schneider v. Draper, supra, Manser v. Eder, supra, McLone v. Bean, supra, and Goss v. Overton, supra, all most earnestly stressed by the appellees. We have given no consideration to cases cited from other states construing statutes differing in terms or embodying a differing history and experience. They can be of no aid in determining Michigan law, and no other is applicable.

The court was in error in overruling the motion for peremptory judgments.

The causes are reversed and remanded for new trials in conformity herewith.