McLONE v. BEAN.

1. NEGLIGENCE—WANTON AND WILFUL MISCONDUCT DEFINED.
   Elements necessary to constitute wanton and wilful misconduct are: (1) Knowledge of situation requiring exercise of ordinary care and diligence to avert harm to another; (2) ability to avoid resulting harm by ordinary care and diligence in use of means at hand; (3) omission to use such care and diligence to avert threatened danger, when to ordinary mind it must be apparent that result is likely to prove disastrous to another.

2. MOTOR VEHICLES—GUEST PASSENGER—WANTON AND WILFUL MIS-CONDUCT—QUESTION FOR JURY.
   Where automobile driver, disregarding protests of guest passengers, drove in nighttime at speed of 68 or 70 miles per hour

over dry, dusty road used as detour and dangerous for travel, in effort to pass car that had just passed him, when dust was so dense that he could not see front of his own car, with result that he ran off road, injuring guest passenger in his car, his conduct was wanton and wilful, and therefore trial court did not err in submitting that question to jury (1 Comp. Laws 1929, § 4648).

Appeal from Genesee; Parker (James S.), J. Submitted April 12, 1933. (Docket No. 119, Calendar No. 37,181.) Decided May 16, 1933.

Case by Kathleen McLone, by next friend, against Keith Bean for personal injuries received while a guest passenger in defendant's automobile. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Dale C. Showley* and *Withey & Trobert,* for plaintiff.

*Carton & Gault* (*Matthew Davison, Jr.,* of counsel), for defendant.

McDONALD, C. J. This action was brought by the plaintiff to recover damages for injuries received while riding as a guest in an automobile owned and driven by the defendant. The accident occurred in the nighttime of June 12, 1932. The parties were returning from a dance. The plaintiff and her escort, Clinton Hanson, were riding in the front seat with the defendant. Their way led over a dusty gravel road used as a detour. The defendant twice passed another automobile going in the same direction. The other automobile passed him three times. Both cars were being driven at a high rate of speed in a cloud of dust. In an attempt to pass the other car a third time, defendant's automobile left the road, turned over and seriously injured the plaintiff.

The defendant claims that he was driving on his own side of the road at a reasonable rate of speed, but that the other car which passed him created such a dense cloud of dust as to completely obscure his vision, and that, in these circumstances, though he used the utmost care to keep in the road, he was unable to do so. The plaintiff claims that the accident was caused by the defendant's wanton and wilful misconduct, and on that issue received a verdict and judgment. The defendant has appealed.

The first question to be considered is: Does the plaintiff's testimony show wilful and wanton misconduct on the part of the defendant? (1 Comp. Laws 1929, § 4648.)

The elements necessary to constitute wanton and wilful misconduct are:

"(1) Knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another; (2) ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand; (3) the omission to use such care and diligence to avert the threatened danger, when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another." *Willett* v. *Smith*, 260 Mich. 101.

The testimony shows that the road on which the defendant was driving was dangerous for travel. It was used as a detour and contained much loose gravel. It was dry and dusty. At the point of the accident, he was driving 68 or 70 miles an hour in a dense cloud of dust, so dense that he could not see the front of his own car. Another car had just passed and was directly in his way. These conditions presented a situation which to the ordinary mind required the exercise of care to prevent injury to his passengers. Ordinary care required that he

stop or slow down until he could see to go forward. He did neither. Instead, he accelerated his speed and shot forward in an attempt to pass the car ahead of him. What happened is just what a man of ordinary intelligence ought to know would happen. He ran off the road. The place of the accident was about one and a quarter miles from the dance hall. The testimony of the plaintiff shows that all along the way defendant was racing with another larger and faster car. He said he did not want to take the other fellow's dust. So he passed that car twice and it passed him three times. The plaintiff realized the danger, and requested him not to drive so fast. When he failed to heed her request, she appealed to Mr. Hanson, her escort, who also asked him to decrease his speed. Instead of doing so, he "stepped on the gas." His conduct was utterly reckless and in disregard of the probable consequences. It was wanton and wilful, and the court did not err in submitting that question to the jury on the plaintiff's testimony.

The second question presented is whether the verdict is against the great weight of the evidence and is excessive. The defendant's contention in that respect is too plainly without merit to require discussion.

The judgment is affirmed, with costs to the plaintiff.

CLARK, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.