### GOSS v. OVERTON.

MOTOR VEHICLES—WILFUL AND WANTON MISCONDUCT—GUEST PASSENGER.

Motorist is guilty of wilful and wanton misconduct where he drove car at speed of approximately 60 miles per hour over road with which he was very familiar and knew had been recently covered with loose gravel and struck telephone pole at curve he was unable to negotiate in his effort to avoid road scraper raising dense cloud of dust beyond which he could not see, and therefore trial court did not err in denying motion for judgment *non obstante veredicto* for guest passenger.

Appeal from Allegan; Miles (Fred T.), J.  Submitted January 10, 1934.  (Docket No. 103, Calendar No. 37,568.)  Decided March 6, 1934.

Case by Warren L. Goss, by guardian, against Glen Overton for personal injuries received while a guest passenger in defendant's automobile.  Verdict and judgment for plaintiff.  Defendant appeals.  Affirmed.

*Leo W. Hoffman* and *Clare E. Hoffman,* for plaintiff.

*Mason, Alexander, McCaslin & Cholette,* for defendant.

Bushnell, J.  Late in the afternoon of April 13, 1931, Ross Overton left a country club about four miles from Allegan with three friends to return home.  He was driving a car owned by his father, the defendant in this case.  Warren Goss, the plaintiff, was seated in front at the right of Overton.  It was a hot, dry and dusty afternoon, with practically no wind blowing.  The road had been freshly graveled that morning and later worked with a truck scraper; it ran straight east and west until it made a sharp curve to the north just before entering the city limits.  About 20 feet away from the center of this curve was a telephone pole.

Overton was driving the car at a speed of approximately 60 miles per hour up to the time of the accident.  He passed a car proceeding in the same direction and another going the opposite way, both of which created a great deal of dust.  There were other clouds of dust, varying in length and density and rendering visibility poor in many places.  Just before reaching the curve, Overton drove into a

"thick cloud of dust" without lessening his speed.
Suddenly a Federal truck road scraper loomed up
ahead. Overton swerved out of its path, was un-
successful in his effort to negotiate the curve and
hit the telephone pole at the side of the road. Plain-
tiff was seriously injured.

The jury found for the plaintiff and the court, in
denying defendant's motion for judgment notwith-
standing the verdict, held that:

"The driver had lived at Allegan all his life; he
was well acquainted with the road and its condition
and knew that it had recently been covered with
loose gravel; he knew of the curve in the road and
of course the dusty condition then prevailing was
apparent and yet he drove at a rate of speed that
he must have known placed his car beyond control
in loose gravel and when the probable thing hap-
pened—another vehicle was overtaken, the inevitable
occurred.

"To grant this motion would be to ignore the ele-
ments of wilful and wanton misconduct so often re-
ferred to by our Supreme Court being expressed
most recently in *McLone* v. *Bean,* 263 Mich. 113."

It is argued that the facts of this case are dis-
tinguishable from those in *McLone* v. *Bean, supra.*
It is true that in that case the driver was racing
and knew another car was directly ahead of him,
although not visible by reason of the swirling dust.
In the instant case the driver was warned by the
heaviness of the cloud of dust surrounding the curve.
It meant that some moving vehicle had produced it.
From his previous experience on the road Overton
knew there was a car ahead of him which he could
not see and, of course, he could not know how fast
it was going, nor could he see through the cloud to
a clear road ahead. He took no precaution by slack-
ening his speed. Nor is this a case of mere error

in judgment in negotiating a turn in the road (*Bobich* v. *Rogers,* 258 Mich. 343), or involving arrival at a curve sooner than expected (*Elowitz* v. *Miller,* 265 Mich. 551). Overton knew before he saw the scraper on the curve that he was in a dangerous situation, yet, disregarding the consequences, he continued to drive at a high rate of speed, and went recklessly ahead.

There is no exact standard or measurement by which we may determine where negligence ends and wilful or wanton misconduct begins, and each case must be decided on its own facts.

Aware of the bad condition of the road, the location and proximity of the curve and the risks involved in traveling over a road on which the visibility was greatly restricted, Overton continued at a speed which placed the car beyond his control. Such action constituted wilful and wanton misconduct.

The judgment is affirmed, with costs to appellee.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUTZEL, and EDWARD M. SHARPE, JJ., concurred.