LeGROH *v.* BENNETT.

AUTOMOBILES—GUEST PASSENGERS—NEGLIGENCE—WILFUL AND WANTON MISCONDUCT.

.Motorist, in attempting to pass car going in same direction shortly after midnight on wet pavement 40 feet wide, who so drove his car between one overtaken and oncoming truck as to hit rear end of latter's trailer and then collide with a second truck, killing himself and two others and severely injuring plaintiff, a guest passenger, may have been guilty of negligence but is *held,* not guilty of wilful and wanton misconduct, where there was at least 20 feet of pavement in the clear for passage between overtaken car and first truck and there is no evidence of intoxication or reckless driving (1 Comp. Laws 1929, § 4648).

POTTER, C. J., dissenting.

Appeal from Genesee; Black (Edward D.), J. Submitted January 22, 1935. (Docket No. 79, Calendar No. 38,188.) Decided May 17, 1935.

Case by Lillian LeGroh against Daymon Bennett, administrator of the estate of Glen E. Bennett, deceased, for personal injuries received while a guest passenger in defendant's automobile. Judgment for plaintiff. Defendant appeals. Reversed, without a new trial.

*Cook & Stipes,* for plaintiff.

*Carton & Gault* and *Matthew Davison, Jr.,* for defendant.

WIEST, J. I find no evidence of wanton or wilful misconduct.* The case falls within the holding in *Wyma* v. *Van Anrooy,* 260 Mich. 295.

---

* See 1 Comp. Laws 1929, § 4648.—REPORTER.

Visibility of unlighted objects was limited to a short distance, but automobile lights were visible for, at least, 200 feet. The driver of the first truck described the approach of the car for that distance and detailed its movements, and the driver of the second truck, about 300 feet in the rear of the first truck, saw the contact between the car and first truck, and its movements from there on until it collided with his truck. The two trucks were on the extreme westerly side of the 40-foot pavement, and their positions left, at least, 30 feet of the pavement in the clear. The automobile plaintiff's driver attempted to pass was on the extreme easterly side of the pavement and this left, at least, 20 feet of the pavement in the clear between the first truck and the other automobile when abreast.

It is fair to assume that lights and locations of traffic, visible to the truck drivers, were visible to plaintiff's driver. It may, on account of the wet condition of the pavement, have been negligence or want of due care for plaintiff's driver to start the attempt to pass the other automobile at a point where progress would bring his car between that automobile and the truck but, even so, it cannot be classed as wilful and wanton misconduct, for there was, at least, 20 feet in the clear for passage.

There was no evidence of intoxication or reckless driving, and no explanation of cause of the deflection of the car from its free and open course before its contact with the trailer of the first truck. That contact did not cause injury to plaintiff. What effect it had on the control of the car, if any, is problematical but we are informed that, from that point, the car made progress for 300 feet in an "arc" and collided with the second truck and killed

all of its occupants, except plaintiff. That movement of the car would indicate loss of control by reason of contact with the first truck but, be that as it may, the evidence does not warrant the sole conclusion of wanton or wilful movement.

The learned circuit judge evidently thought the case controlled by our opinions in *McLone* v. *Bean,* 263 Mich. 113, and *Goss* v. *Overton,* 266 Mich. 62.

In the *McLone Case*—

"The road on which the defendant was driving was dangerous for travel. It was used as a detour and contained much loose gravel. It was dry and dusty. At the point of the accident, he was driving 68 or 70 miles an hour in a dense cloud of dust, so dense that he could not see the front of his own car. Another car had just passed and was directly in his way. These conditions presented a situation which to the ordinary mind required the exercise of care to prevent injury to his passengers. Ordinary care required that he stop or slow down until he could see to go forward. He did neither. Instead, he accelerated his speed and shot forward in an attempt to pass the car ahead of him. What happened is just what a man of ordinary intelligence ought to know would happen. He ran off the road."

It also appeared that defendant in that case was racing with another larger and faster car, and that plaintiff therein requested him not to drive so fast. Instead of decreasing his speed he "stepped on the gas." We held his conduct was utterly reckless and in disregard of probable consequences.

In the *Goss Case* the road over which defendant was driving was freshly graveled and visibility was poor. Like in the *McLone Case* defendant drove in a thick cloud of dust without lessening his speed. The driver there was suddenly confronted by a truck

road scraper, attempted to swerve out of its path and negotiate a curve and his car hit a telephone pole at the side of the road. We there said:

"There is no exact standard or measurement by which we may determine where negligence ends and wilful or wanton misconduct begins, and each case must be decided on its own facts."

I am unable to bring the case at bar within the holdings last mentioned.

The judgment is reversed, with costs, and without a new trial.

NELSON SHARPE, NORTH, FEAD, BUTZEL, BUSH-NELL, and EDWARD M. SHARPE, JJ., concurred with WIEST, J.

POTTER, C. J. (*dissenting*). Plaintiff, riding as a guest in an automobile owned by Glen E. Bennett and driven by Jack Donnell, was injured in an automobile accident on the Dixie Highway south of Grand Blanc, and brought suit to recover damages, claiming her injuries were caused by the gross negligence and wanton and wilful misconduct of the driver of Bennett's automobile. There were in the automobile in which plaintiff was riding, Jack Donnell, Glen Bennett and a Miss White, all of whom were killed, and plaintiff. The case was tried before the court without a jury, and a judgment rendered for plaintiff of $11,662.35. Defendant appeals, and the case must be considered here on this appeal the same as if it were here on writ of error. The trial court was trier of the facts and if there was sufficient evidence of wilful and wanton misconduct or gross negligence upon the part of the driver of the automobile upon which to base the judgment rendered, such judgment must be affirmed.

It is said this court should weigh and consider the evidence if it be found there is any evidence of wanton and wilful misconduct or gross negligence on the part of the decedent, and sustain the judgment rendered only in case there is a preponderance of evidence in favor of plaintiff.  Appellee admits plaintiff must prove by a preponderance of the evidence that the defendant was guilty of wanton and wilful misconduct under the guest act.

This court is not in law cases ordinarily a trier of facts.  The facts are tried and determined in the circuit court, and the case being brought here on appeal, this court may consider only such questions as might have been raised on writ of error.  It may not exercise appellate jurisdiction, because the Constitution says its jurisdiction is in this class of cases original, any more than it may exercise original jurisdiction in those cases where by the Constitution its jurisdiction is appellate only.  To do so would be to disregard the Constitution which all public officers are sworn to support, and from which the members of this court derive all their authority to act at all.

In the early morning hours of April 1, 1933, between twelve and one o'clock, the automobile in which these young people were riding was being driven northerly on the Dixie Highway, a main trunkline highway 40 feet in width, having four lanes of travel, a short distance south of the village of Grand Blanc.  This automobile caught up with and attempted to pass another automobile going in the same direction, which was being driven on the right-hand side of the highway.  The night was dark, foggy and rainy, and the pavement slippery.  As the driver of the automobile in which plaintiff was rid-

ing attempted to pass the automobile on the easterly side of this highway, the testimony indicates it swerved to the left, hit the rear end of a trailer on a cartage truck, glanced over to the right-hand side of the highway, describing an arc, coming back on to the left-hand side of the highway approximately 400 feet from the point where it struck the trailer mentioned above, and there crashed into a heavy freight truck on the westerly lane of traffic of the highway, resulting in the death of three of the occupants of the automobile and the injury of plaintiff.

There is testimony that the automobile in which plaintiff was riding was being driven at a speed of from 50 to 60 miles an hour, on a slippery road, in a heavy fog, when it was dark and rainy, and when objects were discernible only for a distance of from 12 to 15 feet ahead, and when, some witnesses testified, it was not safe to go more than 10 or 12 miles an hour.

The question is whether or not so driving under such circumstances, under the conditions then existing, constituted gross negligence or wanton and wilful misconduct. The trial court resolved this question of fact in favor of plaintiff, and I am unable to distinguish this case in principle from *McLone* v. *Bean,* 263 Mich. 113; *Goss* v. *Overton,* 266 Mich. 62.

Judgment should be affirmed, with costs.