### BONNICI v. KINDSVATER.

1. BANKRUPTCY—DISCHARGE—DEBTS RELEASED.
    A discharge in bankruptcy releases a bankrupt from all of his provable debts with certain statutory exceptions, including wilful and malicious injuries to the person or property of another (Bankruptcy Act, § 17 [11 USCA, § 35]).

2. SAME—DISCHARGE—EXCEPTION—BURDEN OF PROOF.
    One, claiming debt was not released by his discharge in bankruptcy, has burden of proving discharge was not operative as to such debt (Bankruptcy Act, § 17 [11 USCA, § 35]).

3. SAME—APPEAL AND ERROR—STAY OF EXECUTION—RECORD.
    On appeal from order granting perpetual stay of execution on default judgment because of defendant's discharge in bankruptcy, court may examine entire record supporting judgment to ascertain whether it is within statute excepting wilful and malicious injuries to person or property from release by discharge (Bankruptcy Act, § 17 [11 USCA, § 35]).

4. Same—Wɪʟꜰᴜʟ ᴀɴᴅ Mᴀʟɪᴄɪᴏᴜs Iɴᴊᴜʀʏ.

Wilful and malicious injury to person or property, as used within clause excepting debts from discharge in bankruptcy, does not require that the cause of action be based upon special malice but it is sufficient if debtor wilfully disregards what he knows to be his duty or does that which is against good morals and wrongful in and of itself and which necessarily causes injury and he does it intentionally (Bankruptcy Act, § 17 [11 USCA, § 35]).

5. Nᴇɢʟɪɢᴇɴᴄᴇ—Wɪʟꜰᴜʟ Nᴇɢʟɪɢᴇɴᴄᴇ.

Wilful negligence is that neglect arising where there is a reckless indifference to the safety of human life, or an intentional failure to perform a manifest duty to the public in the performance of which the public and the injured party have an interest.

6. Jᴜᴅɢᴍᴇɴᴛ—Dᴇꜰᴀᴜʟᴛ—Pʟᴇᴀᴅɪɴɢ—Eꜰꜰᴇᴄᴛ—Pʀᴏᴏꜰs.

Effect of permitting judgment in action of case to be entered by default for want of an answer is to admit every averment in the pleading and to authorize judgment thereon without requiring supporting proofs.

7. Same—Dᴇꜰᴀᴜʟᴛs—Aᴅᴍɪssɪᴏɴ.

A defendant by defaulting does not admit the existence of facts extrinsic or unnecessary to the plaintiff's cause of action, nor does he admit an allegation which constitutes a mere conclusion of law.

8. Same—Dᴇꜰᴀᴜʟᴛ—Aᴘᴘᴇᴀʀᴀɴᴄᴇ—Pʟᴇᴀᴅɪɴɢ—Dᴀᴍᴀɢᴇs.

Default of defendant in appearance or pleading in ordinary action of tort or contract admits the right to recover but not the amount of damages.

9. Nᴇɢʟɪɢᴇɴᴄᴇ—Wɪʟꜰᴜʟ ᴀɴᴅ Wᴀɴᴛᴏɴ Mɪsᴄᴏɴᴅᴜᴄᴛ Dᴇꜰɪɴᴇᴅ.

Elements necessary to constitute wilful and wanton misconduct are: (1) Knowledge of a situation requiring exercise of ordinary care and diligence to avert injury to another; (2) ability to avoid resulting harm by ordinary care and diligence in the use of means at hand; (3) omission to use such care and diligence, when to the ordinary mind it must be apparent that result is likely to prove disastrous to another.

10. Pʟᴇᴀᴅɪɴɢ—Nᴇɢʟɪɢᴇɴᴄᴇ—Gʀᴏss Nᴇɢʟɪɢᴇɴᴄᴇ.

To constitute a charge of gross negligence or wanton or wilful misconduct, facts lifting owner's faults above ordinary negligence must be set out.

11. APPEAL AND ERROR — BANKRUPTCY — JUDGMENT BY DEFAULT — STAY OF EXECUTION.

On appeal from order granting permanent stay of execution under judgment taken by default, Supreme Court must assume all of allegations in plaintiff's declaration supporting judgment are true.

12. AUTOMOBILES—NEGLIGENCE—PLEADING.

"Wilful" and "wanton" negligence as alleged in declaration in action for personal injuries sustained when defendant's car crashed into plaintiff's car and trailer parked off pavement *held*, mere conclusions of law, unsupported by facts alleged in declaration or proven at hearing where breaches of duty alleged to have constituted defendant's negligence were his driving 50 miles per hour in the night time while under the influence of liquor and evidence showed another party was driving.

13. SAME—INTOXICATION—WILFUL OR MALICIOUS INJURY.

The mere fact that driver of automobile may have been intoxicated does not connote that injury he may cause is necessarily wilful or malicious.

14. BANKRUPTCY—DEFAULT JUDGMENT—AUTOMOBILES.

Default judgment in action arising out of collision with rear end of plaintiff's car and trailer parked off pavement *held*, not to have been a liability for wilful and malicious injury within exception of bankruptcy act, hence was released by defendant's discharge in bankruptcy (Bankruptcy Act, § 17 [11 USCA, § 35]).

Appeal from St. Clair; George (Fred W.), J. Submitted January 14, 1936. (Docket No. 58, Calendar No. 38,751.) Decided April 6, 1936.

Case by Jean Bonnici against Alex Kindsvater for personal injuries caused by defendant's negligence in the operation of his automobile. Default judgment for plaintiff. On petition for perpetual stay of execution. Order for defendant. Plaintiff appeals. Affirmed.

*Sherman McDonald* (*Otho Morrison*, of counsel), for plaintiff.

*Cady & Pepper* (*Lloyd V. Marlette*, of counsel), for defendant.

EDWARD M. SHARPE, J.   Plaintiff brought suit to recover damages for injuries sustained as a result of a collision between an automobile owned by defendant and a car and trailer owned by plaintiff's husband.   Plaintiff's declaration alleges that on the evening of July 8, 1933, and at the hour of 10 p. m. her husband's car and trailer were parked off the paved portion of highway M-29; that both vehicles were properly lighted; that plaintiff and her husband were standing to the right of the automobile and trailer; that at about this time defendant, driving in the same direction, crashed into the trailer and injured plaintiff; and that at the moment of the collision defendant's car was traveling at the rate of 50 miles and upwards per hour.   The declaration also alleges:

"This plaintiff further avers that the said collision and injury was caused solely and wholly by the wanton, wilful, reckless and negligence of the defendant, and without any contributory negligence of the plaintiff and her husband whatsoever, and that the proximate cause of the injuries to this plaintiff, as hereinafter set forth, were caused wholly because of the negligence of the defendant, aforesaid."

In October, 1933, plaintiff commenced suit in trespass on the case; the defendant filed no answer and a judgment of default was entered against the defendant July 21, 1934.   In November, 1934, defendant was adjudged a bankrupt and in his petition filed in the bankruptcy court, the defendant scheduled plaintiff's judgment.   On June 10, 1935, defendant was discharged in bankruptcy and on June 26, 1935, plaintiff took out a body execution

against defendant, whereupon defendant filed a petition in the circuit court asking for a perpetual stay of the body execution which was granted upon the theory that the defendant was not guilty of wanton and wilful negligence and that his discharge in bankruptcy discharged plaintiff's judgment. Plaintiff appeals.

A discharge in bankruptcy releases a bankrupt from all of his provable debts, except those enumerated in the statute, one of which is for wilful and malicious injuries to the person or property of another. Bankruptcy act, § 17, cl. 2 (11 USCA, § 35).

In this cause the plaintiff has the burden of proving that her judgment is within the exception, and that the defendant's discharge is not operative as to it. Moreover, plaintiff must prove that the injury to her was wilful and malicious (*McIntyre* v. *Kavanaugh,* 242 U. S. 138 [37 Sup. Ct. 38]), and in determining whether a judgment is within the exception, the court may examine the entire record. *Nunn* v. *Drieborg,* 235 Mich. 383.

The rule on what is a wilful and malicious injury as regards discharge in bankruptcy may be found in *Tinker* v. *Colwell,* 193 U. S. 473 (24 Sup. Ct. 505), where the court said:

"In order to come within that meaning as a judgment for a wilful and malicious injury to person or property, it is not necessary that the cause of action be based upon special malice, so that without it the action could not be maintained. * * * A wilful disregard of what one knows to be his duty, an act which is against good morals and wrongful in and of itself, and which necessarily causes injury and is done intentionally, may be said to be done wilfully and maliciously, so as to come within the exception.

"It is urged that the malice referred to in the exception is malice towards the individual person-

ally, such as is meant, for instance, in a statute for maliciously injuring or destroying property, or for malicious mischief, where mere intentional injury without special malice towards the individual has been held by some courts not to be sufficient. *Commonwealth* v. *Williams,* 110 Mass. 401.

"We are not inclined to place such a narrow construction upon the language of the exception. We do not think the language used was intended to limit the exception in any such way. It was an honest debtor and not a malicious wrongdoer that was to be discharged."

*In re Dutkiewicz,* 27 Fed. (2d) 334, the court said:

"Wilful negligence has come to have a settled signification in the law, and has been defined as that degree of neglect arising where there is a reckless indifference to the safety of human life, or an intentional failure to perform a manifest duty to the public, in the performance of which the public and the party injured has an interest. * * * The word 'wanton' is defined in Webster's New International Dictionary as reckless, heedless, malicious."

With these definitions in mind, we now come to the proof as shown by the record and this depends upon the legal effect of defendant's default in not pleading to plaintiff's declaration. In *St. Louis Hoop & Stave Co.* v. *Danforth,* 160 Mich. 226, we held (syllabus):

"The effect of permitting a judgment creditor to take a bill of complaint as confessed for want of an answer, is to admit every averment in the pleading and to authorize a decree based thereon without requiring supporting proofs."

But a defendant by defaulting does not admit the existence of facts extrinsic or unnecessary to the plaintiff's cause of action. 34 C. J. p. 174. Nor does he admit an allegation which constitutes a mere con-

clusion of law. *Cragin* v. *Lovell,* 109 U. S. 194 (3 Sup. Ct. 132).

In *Hanover Fire Ins. Co. of New York* v. *Furkas,* 267 Mich. 14, 19, we said:

"In ordinary actions founded on contract or tort the rule seems well established that a default in appearing or pleading admits the right to recover, but not the amount of damages."

In *McLone* v. *Bean,* 263 Mich. 113, we said:

"The elements necessary to constitute wanton and wilful misconduct are:

" '(1) Knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another; (2) ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand; (3) the omission to use such care and diligence to avert the threatened danger, when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another.' *Willett* v. *Smith,* 260 Mich. 101."

In *Naudzius* v. *Lahr,* 253 Mich. 216, 229 (74 A. L. R. 1189), the court said:

"To constitute a charge of gross negligence or wanton or wilful misconduct, the facts lifting the owner's faults above ordinary negligence must be set out."

In the case at bar we must assume that all of the allegations in plaintiff's declaration are true, but in our opinion the words "wilful" and "wanton" are conclusions unsupported by the facts alleged in the declaration or proven at the hearing. The breaches of duty alleged to have constituted the defendant's negligence are that defendant was driving at 50 miles per hour in the night time while under the in-

fluence of liquor, while such evidence as was produced shows that one Murphy was the driver of the car. In *Tippett* v. *Sylvester* (— N. J. Sup. —), 127 Atl. 321, the court said:

"I do not think the mere fact of intoxication connotes wilful or malicious injury. It may or may not prompt a wilful act, but we cannot say that because the driver was drunk (if that be the fact) his collision was a wilful act."

In *Re Vena,* 46 Fed. (2d) 81, it was held that an injury to a child resulting from bankrupt's driving his automobile at a grossly excessive speed did not preclude discharge in bankruptcy.

We are of the opinion that plaintiff's judgment does not come within the exception specified in the bankruptcy law. It was not a liability for "wilful and malicious injuries to the person or property of another" and was released by the discharge in bankruptcy.

The order of the circuit court is affirmed. Defendant may recover costs.

NORTH, C. J., and FEAD, WIEST, BUTZEL, BUSHNELL, POTTER and TOY, JJ., concurred.