## THOMAS *v.* MARGONI.

1. BANKRUPTCY—WILFUL AND MALICIOUS CONDUCT.
   To be guilty of "wilful and malicious" conduct as that term is used in provision of the bankruptcy act excepting certain claims from release by discharge, a motorist must have acted with utter disregard of, and indifference to, the safety of pedestrian at time of inflicting injuries (11 USCA, § 35).

2. SAME—WILFUL AND MALICIOUS INJURY—DISCHARGE AS BAR TO JUDGMENT.
   Under record showing plaintiff pedestrian to have been injured when defendant motorist's car struck her as she was crossing a street, but failing to show defendant, who was driving on proper side of street at speed of 30 to 35 miles an hour with his headlights lighted at 6:20 a. m. on a December morning, saw plaintiff in sufficient time to avoid the accident by use of due care or that he was proceeding with utter disregard of, and indifference to, the safety of others, defendant's discharge in bankruptcy operated as a bar to plaintiff's default judgment, since his conduct was not wilful and malicious as that term is used in the bankruptcy act (11 USCA, § 35);

3. SAME—WILFUL AND MALICIOUS INJURIES—WILFUL AND WANTON MISCONDUCT—EVIDENCE.
   Motorist's discharge in bankruptcy *held,* bar to plaintiff pedestrian's judgment for injuries sustained even if term "wilful and malicious injuries" is deemed synonymous with "wanton and wilful misconduct," a term used in the guest act, where there is no showing that defendant had knowledge of the situation requiring the exercise of ordinary care or that his failure to see her and avoid hitting her was caused by a "reckless indifference" to her safety (11 USCA, § 35, 1 Comp. Laws 1929, § 4648).

Appeal from Wayne; Gordon (Arthur E.), J., presiding. Submitted June 10, 1938. (Docket No. 81, Calendar No. 40,068.) Decided October 3, 1938.

Case by Josephine Thomas against Peter Margoni and another for personal injuries received when struck by a motor vehicle. Default judgment for plaintiff. Garnishment proceedings by plaintiff against defendant and Ford Motor Company, garnishee defendant. Judgment for plaintiff. Defendant appeals from judgment against garnishee defendant. Reversed.

*Lightner, Crawford, Sweeny, Dodd & Toohy (Dudley W. Apps,* of counsel), for plaintiff.

*Ernest F. Rossi (Joseph T. Schiappacasse,* of counsel), for defendant.

Bushnell, J. Plaintiff obtained a default judgment against defendant Margoni on September 28, 1935, in the sum of $3,500 for injuries received by her, as a result of Margoni's negligent operation of his automobile. On November 15, 1935, Margoni filed a voluntary petition in bankruptcy, listing plaintiff's judgment. Plaintiff secured a writ of garnishment on March 17, 1936, against defendant Ford Motor Company, who disclosed an indebtedness to Margoni of $54.40. Margoni was discharged in bankruptcy from all his provable debts on December 14, 1936. Subsequent to the latter date a hearing was had in the garnishment matter and Margoni contended that his discharge was a complete bar to any proceedings based upon plaintiff's judgment. The trial judge was, however, of the opinion that the record in the original case indicated that Margoni's negligence amounted to a "reckless indifference to the plaintiff's safety," and that consequently the principal judgment was not discharged by the provisions of 11 USCA, § 35, which reads:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as are * * * for wilful and malicious injuries to the person or property of another."

The trial court entered a judgment for plaintiff in the garnishment action.

The term "wilful and malicious" as used in the Federal statute was defined in *Tinker* v. *Colwell,* 193 U. S. 473 (24 Sup. Ct. 505), which definition is quoted in part in *Nunn* v. *Drieborg,* 235 Mich. 383, and in *Bonnici* v. *Kindsvater,* 275 Mich. 304. See, also, the definition contained in *Re Dutkiewicz,* 27 Fed. (2d) 334, quoted in the *Bonnici Case.* From these definitions it is clear that, to be guilty of wilful and malicious conduct, defendant Margoni must have acted with utter disregard of and indifference to the safety of plaintiff. Margoni, while traveling westerly on Fort street in the city of Detroit, at about 6:20 on a December morning, struck plaintiff who was crossing the street at Elsmere for the purpose of boarding an eastbound street car. He was traveling on his proper side of the street at about 30 to 35 miles per hour, with the headlights of his car lighted. There is nothing in the record to show that defendant saw plaintiff in sufficient time to avoid the accident by use of due care or that he was otherwise proceeding with utter disregard of and indifference to the safety of others.

Appellee quotes the following language in *Nunn* v. *Drieborg* and *Bonnici* v. *Kindsvater, supra,* in support of the garnishment judgment.

"Now to make this act of the defendant wilful, it must appear that the decedent was in the road where he could be seen; that the defendant could have avoided hitting him, and would have done so

had he not acted with reckless indifference to decedent's safety." *Nunn* v. *Drieborg, supra.*

"The elements necessary to constitute wanton and wilful misconduct are:

" ' (1) Knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another; (2) ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand; (3) the omission to use such care and diligence to avert the threatened danger, when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another.' " *Bonnici* v. *Kindsvater, supra.*

These generalizations do not suggest a different conclusion than that reached herein. The record does not show that Margoni had "knowledge of a situation" requiring the exercise of ordinary care, nor that his failure to see plaintiff and avoid hitting her was caused by a "reckless indifference" to her safety. The negligence of the defendants in the *Nunn* and *Bonnici Cases, supra,* was hardly less culpable than that of Margoni in the instant case, yet the court declined to characterize it as "wilful and malicious." See, also, *Van Blaircum* v. *Campbell,* 256 Mich. 527; *Elowitz* v. *Miller,* 265 Mich. 551; and *Greenfield* v. *Railway Co.,* 268 Mich. 277, involving the interpretation of the phrase "gross negligence or wilful and wanton misconduct" as used in the "guest act," 1 Comp. Laws 1929, § 4648 (Stat. Ann. § 9.1446).

In view of the foregoing, the discharge in bankruptcy is a bar and the judgment entered in this cause is reversed, without new trial. Costs to appellant.

Wiest, C. J., and Sharpe, Potter, Chandler, North, and McAllister, JJ., concurred. Butzel, J., took no part in this decision.