DACON v. WILMAN.

1. NEGLIGENCE—FUMIGANTS—ORDINARY NEGLIGENCE—WILFUL AND
MALICIOUS INJURY—PLEADING—INSTRUCTIONS.
In action by administratrix of the estate of a minor whose death
was due to defendant's use of cyanide gas in fumigating a
house, although declaration charged defendant with wilful and
wanton misconduct and gross negligence which inflicted wilful
and malicious injury upon the minor, where trial court's charge
to jury limited the liability of defendant to ordinary negli-
gence, jury's verdict and ensuing judgment for plaintiff were
based on ordinary negligence.

2. JUDGMENT — PLEADINGS — INSTRUCTIONS — NEGLIGENCE — WIL-
FUL AND WANTON MISCONDUCT—FORM OF VERDICT.
The fact that a verdict as recorded reads ''that the said defend-
ant is guilty in manner and form as the said plaintiff hath in
her declaration in this cause complained against him'' is not
determinative that liability was imposed as for wilful and
wanton misconduct and gross negligence, as charged in declara-
tion, where trial court left issue of liability to jury on ordinary
negligence only, such an entry being merely a form customarily
used by clerks of courts of record and not being conclusive that
the judgment was in accord with the declaration.

3. BANKRUPTCY—DISCHARGE—ORDINARY NEGLIGENCE.
Judgment based upon ordinary negligence on the part of defend-
ant was nullified by his discharge in bankruptcy (11 USCA,
§ 35).

Appeal from Jackson; Simpson (John), J. Sub-
mitted October 3, 1944. (Docket No. 25, Calendar
No. 42,784.) Decided November 30, 1944.

Case by Mary Dacon, administratrix of the estate
of Clarence Richard Dacon, deceased, against

Charles T. Wilman for wilful and wanton misconduct and negligence in fumigating a house resulting in death of plaintiff's decedent. Verdict and judgment for plaintiff after submission to jury on charge of ordinary negligence only. On petition to release levy of execution because defendant had been adjudicated a bankrupt. Petition granted. Plaintiff appeals. Affirmed.

*Phillip C. Kelly,* for plaintiff.

*Haskell L. Nichols,* for defendant.

NORTH, C. J. This is an appeal by plaintiff from an order granting a permanent stay of execution. Plaintiff filed a declaration alleging that defendant "was guilty of wilful and wanton misconduct and gross negligence, and by his said conduct inflicted wilful and malicious injury upon the person of the plaintiff's decedent (an infant son), from which injury the plaintiff's decedent died." Upon trial by jury, the plaintiff received a verdict of $2,000. Judgment was entered and execution issued.

Defendant is an experienced, professional "exterminator," with whom plaintiff entered into a contract to fumigate her dwelling. He used hydrocyanic gas (a highly poisonous substance) as a fumigating agent. When negotiating for doing this work, upon inquiry by her, plaintiff was informed by defendant that it would be perfectly safe for plaintiff and the members of her family to return to the house by 1 o'clock in the afternoon of the day following the fumigation. On this following day defendant returned to the house about 20 minutes before 9 o'clock in the forenoon, and for the purpose of ventilating the place he opened and left open for an hour and 20 minutes or slightly longer both the

rear door and the front door of the one-story dwelling. He did not open any of the windows, giving as his reason that storm windows which were nailed in prevented him from doing so, although he admitted that by taking a little more time he could have removed the storm windows. After ventilating the place for the time above noted defendant closed the doors and left. Plaintiff and her family returned about 4:30 in the afternoon. Some odor of gas was detected as they entered and they kept the doors opened until about 7 in the evening. Two members of the family were ill during the night, and about 8 the following morning plaintiff went to the bed of her infant son and found he was dead. Death was caused by cyanide poisoning. On cross-examination defendant admitted that in his opinion reasonable standards require that after fumigating a house all doors and windows should be opened for airing and should be left open for a least 3 to 5 hours. He also stated on cross-examination that he knew children under six years of age should not be allowed to remain in a house after fumigation within a period of 12 hours after airing was completed.

At the close of the testimony and in the absence of the jury, defendant's attorney moved for a directed verdict as to that portion of the declaration charging wilful and malicious injury. Upon hearing arguments of counsel, the trial judge denied this motion, saying:

"No, there will be no directed verdict. I think it is just a question of, under all the circumstances here, a case of ordinary negligence; * * *

"As I stated before, I think from all the proof in this case that the only question in the case is ordinary negligence as to whether or not the defendant used due care in properly airing this house after he had used this cyanide gas fumigant there, and that

the question of wilful negligence is not in the case but ordinary negligence is—the exercise of due care.''

The court charged the jury concerning ordinary negligence only. Plaintiff did not take exception to this charge, nor was an appeal taken from the subsequent judgment. It is obvious that had the jury been charged concerning wilful and wanton misconduct or gross negligence, there is no assurance that plaintiff would have prevailed on that issue.

In attempting to collect the judgment plaintiff levied upon defendant's automobile, whereupon defendant petitioned for a permanent stay of execution; the petition stated that the defendant had been adjudicated a bankrupt in Federal court. This bankruptcy adjudication was subsequent to the entry of judgment in the instant case. As stated above, this appeal is from the order granting the petition, and the only question involved is whether or not plaintiff's judgment is based on wilful and malicious injury whereby it would be excluded from satisfaction by defendant's discharge in bankruptcy. The applicable portion of the bankruptcy act is as follows:

''Debts not affected by a discharge. A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as * * * are liabilities for obtaining money or property by false pretenses or false representations, or for wilful and malicious injuries to the person or property of another.'' 52 Stat. at L. 851 (11 USCA, § 35.).

The decision of the trial court that this judgment was a dischargeable liability must be affirmed. While the declaration charged wilful and wanton misconduct, the trial judge refused to instruct the

jury concerning that type of negligence and instructed the jury concerning ordinary negligence only. It was only of ordinary negligence that the defendant was found guilty by the jury. Had the plaintiff felt she was aggrieved or prejudiced by the instructions as given, she could have appealed from the trial court's ruling. Plaintiff, having obtained a verdict and judgment for $2,000 based on ordinary negligence, was put in the position of either accepting the judgment resulting from the trial, or appealing the case on the ground that the charge to the jury was erroneous, which would have opened the door to the granting of a new trial, thus jeopardizing the judgment already obtained. Plaintiff chose the first alternative. Since the verdict was obtained for ordinary negligence only, this court cannot now say the verdict was obtained for or based on wilful and wanton misconduct or gross negligence.

The cases cited by the plaintiff can be distinguished from the present case and need not be discussed here. We are mindful plaintiff claims that the form of the verdict as recorded and which in part reads: "that the said defendant is guilty in manner and form as the said plaintiff hath in her declaration in this cause complained against him" is determinative that the jury found the defendant guilty of wanton and wilful misconduct as charged in the declaration. We cannot agree with this contention. The entry of the verdict was phrased in the form customarily used by clerks in courts of record, and is not conclusive that the judgment was in accord with the declaration. Instead, under this record it must be held that the issue submitted to the jury is determinative. In *Bonnici* v. *Kindsvater,* 275 Mich. 304, we said "and in determining whether a judgment is within the exception, the court may

examine the entire record.'' In the present case we have examined the entire record and find the verdict was justly given for ordinary negligence only, and therefore the judgment was nullified by defendant's discharge in bankruptcy.

Affirmed, with costs to defendant.

STARR, WIEST, BUTZEL, BUSHNELL, SHARPE, and REID, JJ., concurred with NORTH, C. J. BOYLES, J., concurred in the result.