Ingeborg **MAGEROWSKI**, Administratrix
of the Estate of Nicholas Magerowski,
Deceased, Plaintiff,

v.

**STANDARD OIL COMPANY**, a Division
of American Oil Company, a foreign
corporation, Defendant.

Civ. A. No. 5453.

United States District Court
W. D. Michigan, S. D.

Sept. 26, 1967.

Marcus, McCroskey, Libner, Reamon, Williams & Dilley, Muskegon, Mich., for plaintiff, Vernon D. Kortering, Muskegon, Mich., of counsel.

Cholette, Perkins & Buchanan, Grand Rapids, Mich., for defendant, Don V. Souter, Grand Rapids, Mich., of counsel.

## OPINION

FOX, District Judge.

In a wrongful death action, defendant Standard Oil Division of American Oil Company moves for dismissal, or in the alternative summary judgment against plaintiff Ingeborg Magerowski, administratrix of the estate of Nicholas Magerowski, on the ground that plaintiff has failed to state a claim upon which relief can be granted.

The facts can be summarized as follows: Around October 17, 1963, plaintiff's decedent, Nicholas Magerowski, while attempting to fish from defendant's dock fell and drowned. Nicholas was nine years old at the time of his death. Defendant claims that Nicholas was a trespasser, present on its property without either its express or implied consent.

Count I of plaintiff's complaint alleges negligence, and Count II asserts gross negligence.

Michigan Statutes Annotated 13.1485, Comp.Laws 1948, § 300.201, provides:

> "No cause of action shall arise for injuries to any person who is on the lands of another without paying to such other person a valuable consideration for the purpose of fishing, hunting, trapping, camping, hiking, sightseeing, or other similar outdoor recreational use, with or without permission, against the owner, tenant or lessee of said premises unless the injuries were caused by the gross negligence or wilful and wanton misconduct of the owner, tenant or lessee."

■ In 1965, the Michigan Supreme Court in Heider v. Michigan Sugar Co., 375 Mich. 490, 134 N.W.2d 637 (1965), cert. den. 383 U.S. 905, 86 S.Ct. 892, 15 L.Ed.2d 661 (1966), held that the above statute is applicable to infants. Accordingly, Count I of plaintiff's complaint must be dismissed.

Count II alleges substantially that defendant was guilty of willful and reckless misconduct in that, knowing infants used its facilities, defendant failed to guard against their entry onto its property.

Section 339, Restatement of Torts, 2d, provides:

> "A possessor of land is subject to liability for physical harm to children trespassing thereon caused by an artificial condition upon the land if
>
> (a) the place where the condition exists is one upon which the possessor knows or has reason to know that children are likely to trespass, and
>
> (b) the condition is one of which the possessor knows or has reason to know and which he realizes or should realize will involve an unreasonable risk of death or serious bodily harm to such children, and
>
> (c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling with it or in coming within the area made dangerous by it, and
>
> (d) the utility to the possessor of maintaining the condition and the burden of eliminating the danger are slight as compared with the risk to children involved, and
>
> (e) the possessor fails to exercise reasonable care to eliminate the danger or otherwise to protect the children."

Defendant asserts that it can be stated as an almost universal rule that the doctrine of attractive nuisance is not applicable to ponds, lakes, and reservoirs, unless they contain a latent danger or condition.

■ A landowner in Michigan is not per se immune from liability to a child injured by an open and natural condition.

In Lyshak v. City of Detroit, 351 Mich. 230, 88 N.W.2d 596 (1958), Justice Talbot Smith in a landmark opinion, set forth the general principles which Michigan courts must follow in analyzing the rights and duties of landowners to trespassing children. Although not specifically deciding the issue, Justice Smith indicated quite strongly that a distinction "between the mere condition of premises (a child falls into a natural pond) and a dangerous condition on the premises caused by the active intervention, the affirmative acts of the owner (the child is carelessly run down by the owner's horse and buggy)" is a fiction which should not be indulged in, since after frequent repetition courts begin to believe them, and thus employing them, reach inequitable results. 351 Mich. at 244, 88 N.W.2d 603.

He stated the real basis of liability of a landowner to a trespassing child as follows:

> "The community has an interest in the life of a child. The preservation of that life is a proper factor to be weighed against a landowner's right to the exclusive possession of his land and the use he makes of it. Conduct, which unreasonably jeopardizes that life is offensive to our society and the fact that the child is a trespasser is only one of the elements to be weighed by the jury in its historic scales." 351 Mich. at 244–245, 88 N.W.2d at 603.

Justice Smith recognized that an arbitrary rule such as the one defendant advocates is much like a mousetrap, easy to get into but hard to get out of.

In "Trespassing Children," 47 Calif.L. Rev. 427, at 458 (1959), after observing that many courts have attempted to establish certain definite categories of conditions which trespassing children, as a matter of law, can be expected to understand, such as the danger of drowning in water, Prosser concluded:

"The soundness of such arbitrary rules as to what children may always be expected to comprehend may be open to question. The impressive number of cases of dead children, attesting their failure in fact to appreciate these risks, is sufficient in itself to cast some doubt on the validity of the assumption."

Defendant contends that even if it owed a duty to plaintiff's decedent, its breach does not constitute gross negligence.

Gross negligence has been defined to exist when the following conditions are present: "(1) Knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another; (2) ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand; and (3) the omission to use such care and diligence to avert the threatened danger, when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another. Willett v. Smith, 260 Mich. 101, 244 N.W. 246, 247." McLone v. Bean, 263 Mich. 113, 115, 248 N.W. 566 (1933); Tien v. Barkel, 351 Mich. 276, 88 N.W.2d 552 (1958); Slocum v. Pennsylvania RR. Co. (C.A. 4670, W.D.Michigan, Sept. 9, 1966); Brinks v. C & O RR. Co. (C.A. 4702, W.D. Michigan, Nov. 22, 1966).

There is sufficient evidence in the record to establish defendant knew children used its premises and in the exercise of ordinary care could have prevented them from using its facilities. Plaintiff is entitled to have this issue submitted to a jury.

For the above reasons, defendant's motion with respect to Count II is denied.

An order may be entered dismissing Count I and denying defendant's motion for a dismissal of Count II.