RABY *v.* DODGE.

1. AUTOMOBILES — GUEST PASSENGERS — WILFUL AND WANTON MIS-CONDUCT.

Guest passenger in an automobile may not recover from host motorist for injuries sustained in an accident unless latter was guilty of wilful and wanton misconduct (1 Comp. Laws 1929, § 4648).

2. SAME — HILLS — SPEED — ROAD AND ATMOSPHERIC CONDITIONS — GUEST PASSENGERS.

Host motorist who drove at speed of 30 to 35 miles an hour up a hill that was not steep on road with a top-dressing of clay at 6 o'clock p. m. of a rainy day but with a clear vision ahead for 520 feet *held,* not guilty of wilful and wanton misconduct in action by guest passenger arising from collision with another car when host's car suddenly swerved to wrong side of road from some unexplained cause (1 Comp. Laws 1929, § 4648).

3. APPEAL AND ERROR—DIRECTED VERDICT—EVIDENCE.

Evidence is reviewed in light most favorable to plaintiff on appeal from denial of defendant's motion for a directed verdict.

Appeal from Charlevoix; Gilbert (Parm C.), J. Submitted April 14, 1937. (Docket No. 70, Calendar No. 39,431.) Decided May 21, 1937.

Case by Hazel Raby against Simon L. Dodge for personal injuries sustained while a guest passenger in defendant's automobile. Verdict and judgment for plaintiff. Defendant appeals. Reversed without a new trial.

*Rollie L. Lewis,* for plaintiff.

*Kelley, Sessions, Warner & Eger,* for defendant.

BUTZEL, J. Defendant and other guest passengers of defendant were returning on M-66 to their homes in Charlevoix from the county fair at East Jordan. There had been a slight drizzle during the entire day. Defendant and his party drove in a northerly direction and had passed over a rise or hill about 800 feet from the southerly point when his car collided with a car driven by one Dan McSawby who was coming from the opposite direction. From the bottom of this hill, defendant had an unobstructed view for a distance of 1,320 feet to the top of the Hanson hill, which was 520 feet north of the point of collision.

Defendant was driving at the rate of from 30 to 35 miles an hour when McSawby passed over the top of the Hanson hill. It was about 6 o'clock in the afternoon; vision was good and the hill was not steep. When defendant was about 100 feet from the McSawby car, his car suddenly started to cross over to McSawby's right side of the road and a collision resulted, injuring plaintiff seriously. The testimony shows that there was a clay top-dressing on the road but as plaintiff's witness states, he could not say that

"it was terribly slippery right there. It seemed to be more of a wash-like, there; it showed quite a little sand on there. I wouldn't say it was soft; it seemed to be a fairly good road, about the same, maybe, on both sides; I don't know."

Defendant's car was in good condition with proper brakes. Defendant said that he simply could not explain how the accident happened; that he had been going straight when suddenly his car swerved, but what caused it he did not know.

Unless there was wilful and wanton misconduct on the part of defendant, plaintiff cannot recover as a guest passenger.[*] The accident appears to have been caused through defendant's negligence, but whether he took his mind off the road for a moment, whether the car skidded on account of the clay, or just what caused the car to swerve is not explained. The McSawby car was approaching at about 30 to 35 miles an hour and considering that defendant's car was traveling at the same rate and that it was about 100 feet away from the McSawby car when it started to veer across, the entire accident must have occurred in a little over a second.

Defendant's conduct falls short of being wilful and wanton. It would be reckless for any person to drive intentionally in front of another car and cause an accident. It is not claimed nor is there any testimony tending to show that defendant intentionally drove to the left of the road, nor is there any claim that defendant was not in full control of his faculties even though he may have been absent-minded for the moment or that he had been driving at a reckless rate of speed. Defendant was asked to give an explanation and he stated that all he knew was that the accident happened so quickly that he did not

---

[*] See 1 Comp. Laws 1929, § 4648.—Reporter.

know anything about it; that his car jumped off to the other side so he did not have time to do anything; that the road was muddy and slippery and that he was knocked out and does not remember anything about the accident.

We have reviewed the testimony in the light most favorable to plaintiff, as a directed verdict was refused. The judge, while expressing some uncertainty as to the correctness of his decision, refused to set the judgment aside. There was no wilful or wanton misconduct.

The judgment is reversed, with costs to defendant and without a new trial.

FEAD, C. J., and NORTH, WIEST, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.