HODGE *v.* BEAMAN.

AUTOMOBILES—WILFUL AND WANTON MISCONDUCT—GROSS NEGLI-
GENCE—ATMOSPHERIC CONDITIONS—GUEST PASSENGERS.

Operation of car at 40 miles an hour in a driving rain and high
wind accompanied by poor visibility *held,* not to constitute
gross negligence or wilful and wanton misconduct so as to
entitle guest passenger to recover for injuries received when
contact by host's car with one oncoming car as he tried to
pass a truck on a three-lane pavement caused host's car to
swing around on the wet pavement and collide with another
car.

Appeal from Wayne; Gilbert (Parm C.), J., pre-
siding. Submitted June 5, 1940. (Docket No. 21,
Calendar No. 41,081.) Decided September 6, 1940.

Case by Dorothy Hodge against Charles L. Bea-
man for personal injuries sustained while riding
as a guest passenger in defendant's automobile.
Directed verdict and judgment for defendant.
Plaintiff appeals. Affirmed.

*Louis B. Ver Wiebe,* for plaintiff.

*Henry C. L. Forler* and *Cyril C. Pulford,* for de-
fendant.

WIEST, J. This is a guest passenger case. The
alleged gross negligence or wilful and wanton mis-
conduct of defendant consisted in driving, in the
afternoon of a summer day, at 40 miles per hour
in a driving rain and high wind and poor visibility
and, while trying to pass a truck upon a three-lane
highway, contact with an oncoming automobile

caused defendant's car to swing around on the wet pavement into the path of another car and in the collision plaintiff was seriously injured. The court directed a verdict for defendant and this appeal is by plaintiff. This did not constitute gross negligence or wilful and wanton misconduct.

Affirmed.

See *Findlay* v. *Davis*, 263 Mich. 179; *Grabowski* v. *Seyler*, 261 Mich. 473; *Keilitz* v. *Elley*, 276 Mich. 701; *Rowe* v. *Vander Kolk*, 278 Mich. 564; *Raby* v. *Dodge*, 279 Mich. 626; *In re Mueller's Estate*, 280 Mich. 203.

Defendant will, recover costs.

BUSHNELL, C. J., and SHARPE, CHANDLER, NORTH, MCALLISTER, and BUTZEL, JJ., concurred. The late Justice POTTER took no part in this decision.