## LADRIG *v.* RENIKE.

1. AUTOMOBILES—GUEST PASSENGERS—GROSS NEGLIGENCE—WILFUL AND WANTON MISCONDUCT—PROXIMATE CAUSE.

   A guest passenger may not recover from host motorist for personal injuries received in an automobile accident unless it is proved that the latter's gross negligence or wilful and wanton misconduct caused or contributed to the cause of the accident (1 Comp. Laws 1929, § 4648).

2. SAME—GROSS NEGLIGENCE—WILFUL AND WANTON MISCONDUCT—ANOTHER'S HAND ON STEERING WHEEL.

   Fact that man who was sitting in front seat beside defendant, a woman, and who had had one of his hands on the steering wheel when about 20 or 25 feet from oncoming car with glaring headlights made a remark about hitting it and steered defendant's car so as to cause collision did not establish gross negligence or wilful and wanton misconduct on part of defendant (1 Comp. Laws 1929, § 4648).

3. SAME—NEGLIGENCE—WILFUL AND WANTON MISCONDUCT—SEATMATE'S HAND ON STEERING WHEEL.

   Woman defendant driver's conduct in permitting seatmate to have his hand upon steering wheel while driving car at speed of 35 to 40 miles per hour *held,* not more than ordinary negligence and not gross negligence or wilful and wanton misconduct and not to have resulted in collision where defendant's seatmate suddenly diverted her car into path of oncoming car about 20 or 25 feet before reaching it (1 Comp. Laws 1929, § 4648).

4. SAME—HAND OF DRIVER'S SEATMATE ON STEERING WHEEL—PROTEST OF GUEST PASSENGER.

   A motorist is not required, at her peril, to comply with the demands of her guest passenger that her seatmate remove his hand from the steering wheel nor does noncompliance in and of itself constitute evidence of wilfulness or wantonness (1 Comp. Laws 1929, § 4648).

---

Distinction between negligence and wilful and wanton misconduct or reckless disregard of the interests of others, see 2 Restatement, Torts, § 282, and special note, § 500 and comment g, § 501.

5. SAME—WILFUL AND WANTON MISCONDUCT—EVIDENCE.

In guest's action against woman motorist who permitted her seatmate to have his hand on steering wheel while they were riding at night, over repeated protest of plaintiff, finding of trial judge that there was no evidence to support plaintiff's claim of gross negligence or wilful and wanton misconduct on defendant's part was sustained by record (1 Comp. Laws 1929, § 4648).

STARR, C. J., and BUSHNELL, and BOYLES, JJ., dissenting.

Appeal from Saginaw; Burritt (Barney H. T.), J., presiding. Submitted June 6, 1945. (Docket No. 7, Calendar No. 42,961.) Decided October 8, 1945. Rehearing denied December 3, 1945.

Case by May LaDrig against Edith Renike for personal injuries sustained while a guest passenger in defendant's automobile. Verdict for plaintiff. Judgment for defendant *non obstante veredicto*. Plaintiff appeals. Affirmed.

*David E. McLaughlin,* for plaintiff.

*James A. Robb* and *Heilman & Purcell,* for defendant.

NORTH, J. This is a guest passenger automobile case in which upon trial by jury verdict was rendered in favor of plaintiff, but upon a properly reserved motion judgment *non obstante veredicto* was thereafter entered. Plaintiff has appealed and asserts that the court in entering judgment *non obstante veredicto* committed error.

In part the factual situation may be inferred from appellant's question number 1 presented upon this appeal which reads:

"Where the evidence disclosed that the defendant was driving her automobile in the nighttime and the plaintiff was a passenger in said car and the defendant allowed another passenger sitting in the front seat to have his arm around the defendant and his hand on the steering wheel, notwithstanding the protests on the part of the plaintiff, and upon approaching another car the passenger who was sitting beside the defendant with his arm and hands as above stated did say, 'Let's clip the sons of bitches,' and did steer the wheel of the car in such manner as to cause a collision with the oncoming car, was the defendant guilty of gross and wilful negligence?"

As to the circumstances leading up to and attending the accident it is sufficient to note the following in addition to those inferred in the above-quoted question. Defendant in the nighttime was driving her car in a westerly direction on M–81, a rather narrow asphalt pavement, between Bloomfield and Saginaw. Defendant and a Mr. Sargent occupied the front seat. Plaintiff, a Mrs. Hudson, a man and a small boy were in the rear seat. Another automobile was approaching from the west with glaring lights. On two occasions before defendant's car reached the point of accident plaintiff protested against defendant allowing Sargent to have his hand on the steering wheel. In passing on defendant's motion for judgment *non obstante veredicto* the circuit judge found, and the testimony sustains the finding, that "The car was being operated by the defendant at a very reasonable rate of speed, * * * and nothing occurred until the cars were about 20 or 25 feet apart when Sargent, as claimed by the plaintiff, said, 'Let's biff the sons-of-bitches,' and immediately (Sargent) turned the defendant's car into the oncoming car. * * * The car was

not zigzagging or swerving in any manner until it reached a point about 20 or 25 feet from the oncoming car.'' The remark attributed to Sargent was prompted by the fact that the car approaching from the west would not or did not dim its glaring lights. Plaintiff testified Sargent ''was helping'' defendant drive and that her car just before the impact was somewhat to the left over the center line of the pavement. It is plaintiff's claim that defendant's refusal to cause Sargent to remove his hand from the steering wheel was wilful and wanton misconduct on her part which caused the collision between these two cars, incident to which plaintiff was injured.

We think the trial judge was correct in holding that the circumstances disclosed by this record do not constitute evidence tending to sustain the charge of gross negligence or wilful and wanton misconduct on the part of defendant. Under the statute (1 Comp. Laws 1929, § 4648 [Stat. Ann. § 9.1446]) plaintiff, being a guest passenger, could not recover unless she proved that defendant's gross negligence or wilful and wanton misconduct caused or contributed to the cause of the accident. There is nothing in this record which in any way tends to show that defendant had any reason timely to suspect that Sargent would at the point of the accident steer her car into collision with the car approaching from the west. Nor is there any testimony that defendant was able to avoid the consequence of that act on the part of Sargent at any time after he made the remark above quoted. Notwithstanding Sargent had his hand on the steering wheel, the accident would not have happened had he not indulged in the vicious conduct of suddenly, and against defendant's will, diverting the course of her car toward the oncoming car. His conduct in that respect,

though wilful and wanton as to him, should not be charged to the defendant. She had no timely warning or reason to believe that Sargent would indulge in such a reckless act, nor is there any testimony that defendant had either the ability or the opportunity to avoid the accident subsequent to Sargent's remark. Plaintiff testified that defendant's car was proceeding at a rate of 35 to 40 miles per hour and the car approaching from the west was moving at a still more rapid rate. Plaintiff also testified that Sargent's remark was not made until the cars were within 20 or 25 feet of each other, and defendant replied, "I don't want to." There can be no issue of fact as to the proximity of the two cars at the time Sargent made his threatening remark. Plaintiff at least twice testified on this phase of the case. Her own testimony was: "When we were approximately 20 or 25 feet from the other car Mr. Sargent said, 'Let's clip the sons of bitches.'" Under plaintiff's testimony these two cars were approaching each other at a rate of more than 100 feet per second. It is too plain for argument that the split second of time intervening between Sargent's remark and the actual collision was too brief to enable defendant to prevent Sargent's act or to avoid the accident. It is equally plain that defendant's conduct in permitting Sargent to have his right hand rest upon the steering wheel, if it can be said to be negligence at all, was only ordinary negligence, not gross negligence or wilful and wanton misconduct. In any event, that did not cause the accident. Touching this phase of the case the trial judge said:

"It was not necessary for Sargent to have his hand on the wheel until immediately before the accident, at which time he could have reached up, grabbed the wheel, and turned defendant's car into the oncoming car."

In considering the instant case it is also pertinent to note we have often held in cases arising under the guest passenger act, a driver is not required at his peril to comply with the demands of his guest passenger, "nor does noncompliance in and of itself constitute evidence of wilfulness or wantonness." *Mogill* v. *Resnick*, 263 Mich. 103, citing numerous cases. We are in accord with the holding of the trial judge that there is no testimony in this case tending to establish plaintiff's claim of gross negligence or wilful and wanton misconduct on the part of the defendant. The judgment entered in the circuit court is affirmed, with costs to appellee.

BUTZEL, SHARPE, and REID, JJ., concurred with NORTH, J.

BOYLES, J. (*dissenting*). I think that the court erred in setting aside the verdict and entering judgment for the defendant *non obstante veredicto*. The issue as to whether the plaintiff was guilty of gross negligence or wilful and wanton misconduct was one of fact to be left to the jury.

The defendant and one Albert Sargent were the sole occupants of the front seat of the automobile. Plaintiff and others were in the back seat. Plaintiff testified:

"They (the defendant and Mr. Sargent) were laughing and joking and having a party by themselves in there and this man had his left arm around her and *helping her* all the way in from Bloomfield. He had his hand on the wheel *and was helping her drive* after we left Bloomfield. After we were on M–81 he still was doing that, and also as that car approached. I told her to make him take his hand off the wheel as the car was approaching. They were joking back and forth and *when he saw this car* he said—will I say it the way he did?

"*Q.* Yes, just tell what he said.

"*The Court:* Yes.

"*A.* He said, 'Let's clip those sons-of-bitches and put them in the ditch.'

"*Q.* What did she say?

"*A.* She just laughed and said, 'I don't want to.' I said, 'Make that man keep his hand off the wheel.' He said, 'These God damn road hogs.' He swerved the wheel and we collided. This man coming along had bright lights on but he was on his own shoulder of the roadway over as far as he could get."

This testimony was corroborated by the testimony of another occupant of the back seat. Sargent and the defendant both testified in the defendant's behalf. The defendant testified that they all had stopped at a tavern and had several "rounds" of beer. Both the defendant and Sargent denied that he had his arm around her or his hand on the steering wheel. The defendant did not testify that Sargent's act was so sudden that she had no time to prevent it. The credibility of testimony was for the jury.

If plaintiff's testimony was believed to be true, the defendant, by permitting Sargent to participate in steering the vehicle, must be held to accountability for his acts. According to plaintiff's testimony, the defendant allowed Sargent to participate in driving the vehicle. Her proofs showed that his hand had been on the steering wheel for some distance, that they saw the other car approaching a considerable distance away with its lights on bright, and *when he saw this car* he said "Let's clip those sons-of-bitches and put them in the ditch." Under other testimony, an issue of fact was raised whether this remark was made within 20 or 25 feet of the collision, or down the road about a quarter of a mile from the place where the collision occurred.

In any event, under plaintiff's proofs, when Sargent plainly indicated that he intended to "clip" the approaching vehicle, the defendant, instead of attempting to prevent his doing so or attempting to regain sole control of the vehicle, "just laughed and said, 'I don't want to.'" The jury were the sole judges of the facts and we should not draw the inference that Sargent's wilful and wanton misconduct was so sudden that the defendant herself had no time to prevent it.

The jury returned a verdict for the plaintiff and assessed her damages at $1,000. The court was in error in granting defendant's motion for judgment notwithstanding the verdict. The judgment entered on the motion should be set aside and the case remanded for entry of judgment for plaintiff on the verdict, with costs.

STARR, C. J., and BUSHNELL, J., concurred with BOYLES, J. The late Justice WIEST took no part in the decision of this case.